Ivy L. Nowinski (State Bar No.: 268564)
Email: inowinski@condonlaw.com
CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 1050
Los Angeles, California 90067-6036
Telephone: (310) 557-2030
Facsimile: (310) 557-1299

- and -

Anthony Battista (*Pro Hac Vice* Application to be Filed)
Email: abattista@condonlaw.com
CONDON & FORSYTH LLP
7 Times Square
New York, New York 10036
Telephone: (212) 490-9100
Facsimile: (212) 370-4453

Attorneys for Defendant
DEUTSCHE LUFTHANSA AKTIENGESELLSCHAFT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE, an individual; ROBERT ROE, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>DEUTSCHE LUFTHANSA AKTIENGESELLSCHAFT, a German corporation; LUFTHANSA GROUP BUSINESS SERVICES NEW YORK LLC, a Delaware limited liability company; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 3:23-cv-04413-SI<br><br>**NOTICE OF MOTION AND MOTION OF DEUTSCHE LUFTHANSA AKTIENGESELLSCHAFT FOR JUDGMENT ON THE PLEADINGS AND TO DISMISS FOR LACK OF PERSONAL JURISDICTION**<br><br>Date: January 12, 2024<br>Time: 10:00 a.m.<br>Place: Courtroom 1 – 17th Floor |

TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT that on January 12, 2024, at 10:00 a.m. in the above-captioned court, located at 450 Golden Gate Avenue, San Francisco, California 94102, Courtroom 1, Seventeenth Floor, defendant Deutsche Lufthansa Aktiengesellschaft (hereinafter referred to as "Lufthansa"), by and through its attorneys of record, Condon & Forsyth LLP, will

move this Court for an order for judgment on the pleadings pursuant to pursuant to Rule 12(c) of the Federal Rules of Civil Procedure and to dismiss for lack of personal jurisdiction pursuant to Rule 12(i) of the Federal Rules of Civil Procedure.

PLEASE TAKE FURTHER NOTICE THAT pursuant to the Hon. Susan Illston's Scheduling Notes, "Civil Law and Motion matters will be held on Fridays, at 10 a.m. ***via Zoom.***" (*emphasis added*).

Plaintiffs Robert Roe and John Doe are a gay married couple. Lufthansa makes this motion on the grounds that Plaintiffs' claims alleged against it arise from an incident during which Plaintiffs' marital status was allegedly disclosed to the Saudi Arabian government by Lufthansa personnel in Riyadh, Saudi Arabia, while Plaintiffs were embarking as passengers on board an international flight operated by Lufthansa from Riyadh to San Francisco via Frankfurt on May 25, 2021. Lufthansa is not subject to either general or specific personal jurisdiction in the State of California, and therefore Plaintiffs' Complaint against it must be dismissed for lack of personal jurisdiction pursuant to Rule 12(i) of the Federal Rules of Civil Procedure.

As a separate and independent basis for dismissal, Lufthansa seeks judgment on the pleadings with respect to Plaintiff's claims alleged against it pursuant to Rule 12(c) of the Federal Rules of Civil Procedure on the following grounds:

1. Plaintiffs' claims alleged against Lufthansa are preempted and exclusively governed by the Montreal Convention, which does not provide for any recovery for the type of claims alleged by Plaintiffs here.

2. Plaintiffs' claims alleged against Lufthansa are preempted by the Airline Deregulation Act.

3. Pursuant to the presumption against the extraterritorial application of California law to conduct in Saudi Arabia, Plaintiffs' contract and tort claims arising from the allegedly wrongful disclosure of Plaintiffs' marital status in Saudi Arabia may not be adjudicated in the United States due to concerns of international comity.

4. Even if Plaintiffs' claims are not preempted and may be adjudicated by this Court, Plaintiffs also fail to state any viable cause of action against Lufthansa under California law.

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 1050
Los Angeles, California 90067-6036
Telephone: (310) 557-2030

Accordingly, Lufthansa is entitled to judgment as a matter of law on Plaintiffs' claims pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

This Motion will be based on this Notice of Motion, the Memorandum of Points and Authorities below, the Declaration of James Stevens, the pleadings in this action, and any oral argument presented at the hearing of this motion, if requested by the Court.

Dated: November 17, 2023

CONDON & FORSYTH LLP

By: /s. Ivy L. Nowinski
IVY L. NOWINSKI

- and -

ANTHONY BATTISTA
(*Pro Hac Vice* Application to be Filed)
Email: abattista@condonlaw.com
CONDON & FORSYTH LLP
7 Times Square
New York, New York 10036
Telephone: (212) 490-9100
Facsimile: (212) 370-4453

Attorneys for Defendant
DEUTSCHE LUFTHANSA
AKTIENGESELLSCHAFT

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 1050
Los Angeles, California 90067-6036
Telephone: (310) 557-2030

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 1050
Los Angeles, California 90067-6036
Telephone: (310) 557-2030

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ....................iii-vii

INTRODUCTION ....................1

STATEMENT OF ISSUES TO BE DECIDED ....................2

SUMMARY OF ARGUMENT ....................2

STATEMENT OF RELEVANT FACTS ....................3

ARGUMENT ....................5

I. THIS COURT MAY NOT EXERCISE PERSONAL JURISDICTION OVER LUFTHANSA IN CONNECTION WITH THIS LAWSUIT BECAUSE LUFTHANSA IS NOT DOMICILED IN THE STATE OF CALIFORNIA AND IS NOT ALLEGED TO HAVE ENGAGED IN ANY TORTIOUS ACTIVITY OR BREACH OF CONTRACT IN THE STATE OF CALIFORNIA ....................5

A. This Court Cannot Exercise General Personal Jurisdiction over Lufthansa because Lufthansa is Organized and Existing under the Laws of the Republic of Germany and Maintains Its Principal Place of Business in Germany and There Are No Exceptional Circumstances Warranting the Exercise of General Jurisdiction ....................7

B. This Court May Not Exercise Specific Personal Jurisdiction over Lufthansa Because Plaintiffs Cannot Establish that Lufthansa Maintained Minimum Contacts with the State of California with any Nexus to this Incident, and the Exercise of Personal Jurisdiction Would Be Unreasonable ....................7

II. IN THE ALTERNATIVE, LUFTHANSA IS ENTITLED TO JUDGMENT ON THE PLEADINGS PURSUANT TO RULE 12(c) OF THE FEDERAL RULES OF CIVIL PROCEDURE BECAUSE PLAINTIFFS' CLAIMS ARE EXCLUSIVELY GOVERNED BY THE MONTREAL CONVENTION, WHICH DOES NOT PERMIT RECOVERY FOR THE TYPE OF CLAIMS ALLEGED BY PLAINTIFFS ....................10

A. The Montreal Convention Applies Here because Plaintiffs' Alleged Claims Arose in the Course of Their "International Carriage" with Lufthansa ....................10

B. The Montreal Convention Preempts Plaintiffs' State Law Causes of Action and Exclusively Governs Plaintiffs' Claims against Lufthansa ....................12

III. PLAINTIFFS' CLAIMS ALLEGED AGAINST LUFTHANSA MUST BE DISMISSED PURSUANT TO RULE 12(c) OF THE FEDERAL RULES OF CIVIL PROCEDURE FOR FAILURE TO STATE A CLAIM BECAUSE THEY RELATE TO LUFTHANSA'S SERVICES AND ARE THUS PREEMPTED BY THE AIRLINE DEREGULATION ACT ....................15

IV. PLAINTIFFS' CLAIMS ALLEGED AGAINST LUFTHANSA MUST BE DISMISSED PURSUANT TO RULE 12(c) OF THE FEDERAL RULES OF CIVIL PROCEDURE PURSUANT TO THE PRESUMPTION AGAINST THE EXTRATERRITORIAL APPLICATION OF CALIFORNIA LAW ..................17

V. PLAINTIFFS' CLAIMS ALLEGED AGAINST LUFTHANSA MUST BE DISMISSED PURSUANT TO RULE 12(c) OF THE FEDERAL RULES OF CIVIL PROCEDURE FOR FAILURE TO STATE A CLAIM BECAUSE PLAINTIFFS FAIL TO STATE A CLAIM AGAINST LUFTHANSA UNDER CALIFORNIA LAW ..................18

A. Plaintiffs Fail to State a Claim for Public Disclosure of Private Fact because Their Marriage Is a Matter of Public Record ..................18

B. Plaintiffs' Cause of Action for Breach of Contract Fails as a Matter of Law because Plaintiffs Have Failed to Properly Allege the Terms of the Contract ..................20

C. Plaintiffs Fail to State a Claim for Intentional Infliction of Emotional Distress..................22

D. Plaintiffs Fail to State a Claim for Negligent Infliction of Emotional Distress..................23

E. Plaintiffs Fail to State a Claim for Loss of Consortium because Neither Plaintiff Sustained a Bodily Injury and There Is No Loss of Consortium - Plaintiffs Have Alleged That They Are Living Apart Due to Plaintiff John Doe's Employment in Saudi Arabia..................24

CONCLUSION ..................25

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 1050
Los Angeles, California 90067-6036
Telephone: (310) 557-2030

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 1050
Los Angeles, California 90067-6036
Telephone: (310) 557-2030

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*American Airlines, Inc. v. Wolens*,
513 U.S. 219, 115 S.Ct. 817, 130 L.Ed.2d 715 (1995) ....15, 16

*Aquila, Inc. v. Superior Ct.*,
148 Cal. App. 4th 556 (2007) ....6, 7

*Benz v. Compania Naviera Hidalgo, S.A.*,
353 U.S. 138, 77 S.Ct. 699, 1 L.Ed.2d 709 (1957) ....18

*Boaz v. Boyle & Co.*,
40 Cal. App. 4th 700 (1995) ....7

*Bristol-Myers Squibb Co. v. Sup.Ct. of Calif., San Francisco County*,
582 U.S. 255 (2017) ....8, 9

*Burger King Corp. v. Rudzewicz*,
471 U.S. 462 (1985) ....6, 8, 9

*Burgess v. Superior Court*,
2 Cal.4th 1064 (1992) ....23

*Calder v. Jones*,
465 U.S. 783 (1984) ....6

*Charas v. Trans World Airlines, Inc.*,
160 F.3d 1259 (9th Cir. 1998) ....16

*Christensen v. Superior Court*,
54 Cal.3d 868 (1991) ....23

*Chubb Ins. Co. of Europe S.A. v. Menlo Worldwide Forwarding, Inc.*,
634 F.3d 1023 (9th Cir. 2011) ....12

*Cochran v. Cochran*,
65 Cal. App. 4th 488 (1988) ....22

*Cox Broadcasting Corp. v. Cohn*,
420 U.S. 469, 95 S.Ct. 1029, 43 L.Ed.2d 328 (1975) ....19, 20

*Daimler AG v. Bauman*,
571 U.S. 117, 134 S. Ct. 746, 187 L. Ed. 2d 624 (2014) ....7, 8

*Damner v. Facebook Inc.*,
No. 20-cv-05177, 2020 WL 7862706 (N.D. Cal. Dec. 31, 2020) ....21

*Eastern Airlines, Inc. v. Floyd*,
499 U.S. 530 (1991).....14

*EEOC v. Arabian American Oil Co.*,
499 U.S. 244, 111 S.Ct. 1227, 113 L.Ed.2d 274 (1991).....18

*Ehrlich v. Am. Airlines*,
360 F.3d 366 (2d Cir. 2004).....11

*El Al Israel Airlines, Ltd. v. Tseng*,
525 U.S. 155 (1999).....11, 13, 14

*Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*,
209 L. Ed. 2d 225, 141 S. Ct. 1017 (2021).....8

*Frances T. v. Vill. Green Owners Assn.*,
42 Cal. 3d 490 (1986).....21

*Franco v. Usplabs, LLC*,
Case No. CV 14-00592-R, 2014 WL 12569366 (C.D. Cal. Sept. 3, 2014) (J. Real).....6

*Hall v. Apollo Grp., Inc.*,
2014 WL 4354420 (N.D. Cal. Sept. 2, 2014).....23

*Hanson v. Denckla*,
357 U.S. 235 (1958).....8

*Harris v. Rudin, Richman & Appel*,
74 Cal. App. 4th 299, 87 Cal. Rptr. 2d 822 (1999).....20

*Harris Rutsky & Co. Ins. Services, Inc. v. Bell & Clements Ltd.*,
328 F.3d 1122 (9th Cir. 2003).....6

*Helicopteros Nacionales de Colombia, S. A. v. Hall*,
466 U.S. 408 (1984).....8, 10

*Hodges v. Delta Airlines, Inc.*,
44 F.3d 334 (5th Cir.1995).....16, 17

*Hosaka v. United Airlines, Inc.*,
305 F.3d 989 (9th Cir. 2002).....11

*Internatational Shoe Co. v. Washington*,
326 U.S. 310 (1945).....6, 8

*Jones v. USA 3000 Airlines*,
No. 4:08–CV–1855, 2009 U.S. Dist. LEXIS 9049, 2009 WL 330596
(E.D. Mo. Feb. 9, 2009).....14

*Keeton v. Hustler Magazine, Inc.*,
465 U.S. 770 (1984).....8

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 1050
Los Angeles, California 90067-6036
Telephone: (310) 557-2030

*Knowlton v. American Airlines, Inc.*,
No. RDB–06–854, 2007 U.S. Dist. LEXIS 6882, 2007 WL 273794 (D. Md. Jan. 31, 2007) ......14

*Kruger v. United Airlines, Inc.*,
481 F. Supp. 2d 1005 (N.D. Cal. 2007) ......13

*Lathigra v. British Airways PLC*,
41 F.3d 535 (9th Cir. 1994) ......12

*LeFiell Mfg. Co. v. Superior Ct.*,
55 Cal. 4th 275, 282 P.3d 1242 (2012) ......24

*Martinez v. Aero Caribbean*,
764 F.3d 1062 (9th Cir. 2014) ......10

*McGee v. International Life Ins. Co.*,
355 U.S. 220 (1957) ......9

*Microsoft Corp. v. AT & T Corp.*,
550 U.S. 437, 127 S.Ct. 1746, 167 L.Ed.2d 737 (2007) ......17

*Molien v. Kaiser Foundation Hospitals*,
27 Cal.3d 916, 167 Cal.Rptr. 831, 616 P.2d 813 (1980) ......24

*Morales v. Trans World Airlines, Inc.*,
504 U.S. 374, 112 S.Ct. 2031, 119 L.Ed.2d 157 (1992) ......15

*Morrison v. National Australia Bank Ltd.*,
561 U.S. 247, 130 S.Ct. 2869, 177 L.Ed.2d 535 (2010) ......17, 18

*Narayanan v. British Airways*,
747 F.3d 1125 (9th Cir. 2014) ......12, 13

*Olympic Airways v. Husain*,
540 U.S. 644, 124 S. Ct. 1221, 157 L. Ed. 2d 1146 (2004) ......14, 15

*Otworth v. Southern Pac. Transportation Co.*,
166 Cal.App.3d 452, 212 Cal.Rptr. 743 (1985) ......20

*Paradis v. Ghana Airways Ltd.*,
348 F. Supp. 2d 106 (S.D.N.Y. 2004) ......13

*Pavlovich v. Superior Ct.*,
29 Cal. 4th 262, 58 P.3d 2 (2002) ......6, 9

*Phifer v. Icelandair*,
652 F.3d 1222 (9th Cir. 2011) ......11

*Porten v. University of San Francisco*,
64 Cal.App.3d 825, 134 Cal.Rptr. 839 (1976) ......19

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 1050
Los Angeles, California 90067-6036
Telephone: (310) 557-2030

*Potter v. Firestone Tire & Rubber Co.*,
6 Cal.4th 965 (1993) ....................23

*Reader's Digest Assn. v. Superior Court*,
37 Cal.3d 244 (1984) ....................22

*Rodriguez v. Bethlehem Steel Corp.*,
12 Cal. 3d 382 (1974) ....................24, 25

*Schwartz v. Thiele*,
242 Cal.App.2d 799, 51 Cal.Rptr. 767 (1966)....................19

*Schwarzenegger v. Fred Martin Motor Co.*,
374 F.3d 797 (9th Cir. 2004) ....................6

*Seales v. Panamanian Aviation Co.*,
2009 WL 395821 (E.D.N.Y. Feb. 18, 2009)....................14

*Shulman v. Grp. W Prods., Inc.*,
18 Cal. 4th 200, 955 P.2d 469 (1998)....................19

*Smith v. Am. Airlines, Inc.*,
No. C 09-02903 WHA, 2009 WL 3072449 (N.D. Cal. Sept. 22, 2009)....................13, 14

*Smith v. Comair, Inc.*,
134 F.3d 254 (4th Cir. 1998) ....................16, 17

*Smith v. Grumman*,
60 F. Supp. 3d 1051 (N.D. Cal. 2014) ....................24

*Smith v. United States*,
507 U.S. 197, 113 S.Ct. 1178, 122 L.Ed.2d 548 (1993)....................18

*Sompo Japan Ins., Inc. v. Nippon Cargo Airlines Co., Ltd.*,
522 F.3d 776 (7th Cir. 2008) ....................11

*Sullivan v. Oracle Corp.*,
51 Cal. 4th 1191, 254 P.3d 237 (2011)....................18

*Swartz v. KPMG LLP*,
476 F.3d 756 (9th Cir. 2007) ....................6

*Timperley v. Chase Collection Service*,
272 Cal.App.2d 697, 77 Cal.Rptr. 782 (1969)....................19

*Walden v. Fiore*,
571 U.S. 277 (2014)....................8

*World–Wide Volkswagen Corp. v. Woodson*,
444 U.S. 286 (1980)....................6

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 1050
Los Angeles, California 90067-6036
Telephone: (310) 557-2030

**Statutes and Treaties**

49 U.S.C. § 40105 (1997) ........ 11

49 U.S.C. § 41713(b)(1) (West 2023) ........ 15, 16

49 U.S.C. § 44902(b) (West 2023) ........ 17

Airline Deregulation Act, 49 U.S.C. § 1301, *et seq.* (West 2023) ........ 1, 2, 15, 16, 17

FED. R. CIV. PROC. 12(i) (West 2023) ........ *passim*

FED. R. CIV. PROC. 12(c) (West 2023) ........ *passim*

CAL. CODE CIV. PROC. § 430.10 (g) (West 2023) ........ 20

The Convention for the Unification of Certain Rules for International Carriage by Air, done at Montreal on May 28, 1999, ICAO Doc. No. 9740 (entered into force on November 4, 2003), reprinted in Treaty Doc. 106-45, 1999 WL 33292734 (2000) ("Montreal Convention") ........ *passim*

The Convention for the Unification of Certain Rules Relating to International Transportation by Air, October 12, 1929, 49 Stat. 3000, T.S. No. 876, 137 L.N.T.S. 11 (1934), *reprinted in note following* 49 U.S.C. § 40105 (1997) ("Warsaw Convention") ........ 11, 12, 13, 14

**Other Authorities**

International Civil Aviation Organization, Current Lists of Parties to Multilateral Air Treaties, https://www.icao.int/secretariat/legal/List%20of%20Parties/Mtl99_EN.pdf (last visited on November 17, 2023) ........ 12

U.S. Department of State, *Treaties in Force: A List of Treaties and Other International Agreements of the United States in Force on January 1, 2020* (2020), https://www.state.gov/wp-content/uploads/2020/08/TIF-2020-Full-website-view.pdf (last visited on November 17, 2023) ........ 11

Rutter Practice Guide--Federal Civil Procedure Before Trial (Calif. and 9th Cir. Edition), ¶ 9:64; 9:69 ........ 6

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 1050
Los Angeles, California 90067-6036
Telephone: (310) 557-2030

**MEMORANDUM OF POINTS AND AUTHORITIES**

**INTRODUCTION**

This is a lawsuit by plaintiffs John Doe and Robert Roe arising from the allegedly wrongful disclosure of their marital status by a Lufthansa employee in Riyadh, Saudi Arabia, as they embarked on an international flight operated by Lufthansa from Riyadh to San Francisco, via Frankfurt on May 25, 2021. Plaintiffs are a gay married couple. Plaintiff Robert Roe alleges that he is a citizen of Saudi Arabia, and was therefore prohibited from entering the United States due to Covid-19 travel restrictions unless he could establish that he was an immediate family member of a U.S. citizen. As plaintiff John Doe is a US citizen, plaintiff Robert Roe alleges that he disclosed the fact that he was married to John Doe to Lufthansa personnel in Riyadh, and that Lufthansa then disclosed Plaintiffs' marital relationship to the government of Saudi Arabia.

Lufthansa is an air carrier organized and existing under the laws of the Republic of Germany, with its principal place of business in Germany. Lufthansa operates flights to and from San Francisco and Los Angeles, but only maintains a small presence in the State of California. None of the allegedly tortious conduct occurred in California. Therefore, California courts may not exercise general or specific personal jurisdiction over Lufthansa in this case and Lufthansa respectfully requests that the Court dismiss it from this action, with prejudice, pursuant to Rule 12(i) of the Federal Rules of Civil Procedure, for lack of personal jurisdiction.

As a separate and independent basis for dismissal, Lufthansa seeks judgment on the pleadings, as Plaintiffs fail to state a claim for relief. Plaintiffs' claims against Lufthansa are exclusively governed by the Montreal Convention, a treaty of the United States, which does not provide any recovery for the type of claims alleged by Plaintiffs. Furthermore, Plaintiffs' claims arise from a "service" provided by Lufthansa relating to its routes, and are preempted by the Airline Deregulation Act. Plaintiffs' claims alleged against Lufthansa under California state law also trigger the presumption against the extraterritorial application of California law, and may not be adjudicated by this Court due to concerns of international comity. Lastly, even if jurisdiction existed, and Plaintiffs' claims against Lufthansa were not preempted, and could be adjudicated by U.S. courts, Plaintiffs still fail to state any viable claim against Lufthansa under

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 1050
Los Angeles, California 90067-6036
Telephone: (310) 557-2030

California law.

## STATEMENT OF ISSUES TO BE DECIDED

1. Whether Plaintiffs' claims against Lufthansa must be dismissed for lack of personal jurisdiction pursuant to Rule 12(i) of the Federal Rules of Civil Procedure.

2. Whether Lufthansa is entitled to judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure because Plaintiffs cannot state a claim against Lufthansa under the Montreal Convention.

3. Whether Lufthansa is entitled to judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure because Plaintiffs' claims are preempted by the Airline Deregulation Act.

4. Whether the presumption against the extraterritorial application of California law prohibits this Court from adjudicating Plaintiffs' contract and tort claims arising under California laws to conduct which allegedly occurred in Riyadh, Saudi Arabia.

5. Whether Plaintiffs state a claim against Lufthansa, either in contract or tort, under California law.

## SUMMARY OF ARGUMENT

First, Lufthansa moves to dismiss Plaintiffs' claims alleged against it on the basis that this Court lacks personal jurisdiction over Lufthansa because California courts may not exercise general or specific jurisdiction over Lufthansa in connection with Plaintiffs' tort and contract claims arising from the alleged incident, which took place in Riyadh, Saudi Arabia.

Second, Lufthansa seeks judgment on the pleadings as to Plaintiffs' contract and tort claims arising under California law because Plaintiffs' claims are exclusively governed by the Montreal Convention, which does not provide any recovery for the type of claims alleged by Plaintiffs.

Third, Lufthansa seeks judgment on the pleadings as to Plaintiffs' contract and tort claims arising under California law because they are preempted by the Airline Deregulation Act.

Fourth, Lufthansa seeks judgment on the pleadings as to Plaintiffs' contract and tort claims arising under California law because they cannot be adjudicated by U.S. Courts pursuant

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 1050
Los Angeles, California 90067-6036
Telephone: (310) 557-2030

to the presumption against the extraterritorial application of California law to conduct that occurred in Saudi Arabia.

Fifth, Lufthansa seeks judgment on the pleadings as to Plaintiffs' contract and tort claims arising under California law because Plaintiffs fail to properly allege the existence of any contract that prohibited Lufthansa from disclosing Plaintiffs' marital status, and Plaintiffs' marital status is a public record, the disclosure of which is per se not actionable in tort in California.

**STATEMENT OF RELEVANT FACTS**

Lufthansa is a foreign air carrier licensed by the United States Department of Transportation to operate international flights to and from the United States. Declaration of James Stevens ("Stevens Decl."), ¶ 6. Lufthansa is a business entity organized and existing under the laws of Germany, headquartered in Cologne, Germany. *Id.* at ¶ 7. Lufthansa is not organized and existing under the laws of California. *Id.* at ¶ 8. Lufthansa is registered with the California Secretary of State to do business in California and maintains an agent for service of process in California. *Id.* at ¶ 9.

Lufthansa has approximately 110,000 employees worldwide. *Id.* at ¶ 10. At present, out of its 110,000 employees worldwide, Lufthansa has forty-one (41) employees based in the State of California. *Id.* at ¶ 11. On May 25, 2021, Lufthansa had forty (40) employees based in the State of California. *Id.* at ¶ 12. Both at present and on May 25, 2021, Lufthansa maintains/maintained two (2) offices in the State of California, one at the San Francisco International Airport (SFO), and one at Los Angeles International Airport (LAX). *Id.* at ¶ 13.

Both at present and on May 25, 2021, none of Lufthansa's officers or directors reside/resided in California. *Id.* at ¶ 14. Both at present and on May 21, 2021, Lufthansa has/had no branch office or comparable facilities in California. *Id.* at ¶ 15. Both at present and on May 21, 2021, Lufthansa has/had no bank accounts in California. *Id.* at ¶ 16. No meetings of Lufthansa's board of directors or shareholders have been in California. *Id.* at ¶ 17. Lufthansa did not enter a contract of carriage with Plaintiffs for carriage from the State of California or otherwise sell a passenger ticket to Plaintiffs within the State of California. *Id.* at ¶¶ 25, 28.

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 1050
Los Angeles, California 90067-6036
Telephone: (310) 557-2030

Plaintiff Robert Roe is a Saudi Arabian citizen who, prior to this incident, allegedly lived permanently in Saudi Arabia. *See* Complaint, ¶ 2.

Plaintiff John Doe is a United States citizen allegedly domiciled in California, although Plaintiffs allege that John Doe has lived in Saudi Arabia since 1989 and travels to the United States quarterly. *See* Complaint, ¶¶ 13, 15. Plaintiff John Doe is employed in Saudi Arabia. Complaint, ¶ 15.

In 2013, plaintiffs Robert Roe and John Doe were married in the State of California. *See* Complaint, ¶ 14. Notwithstanding plaintiff Robert Roe's marriage to John Doe, plaintiff Robert Roe remained a citizen of Saudi Arabia, and not a citizen of the United States. Complaint, ¶ 2.

Plaintiffs allege that same-sex marriage is not recognized in Saudi Arabia. Complaint, ¶ 15. Plaintiffs further allege that in Saudi Arabia, engaging in a homosexual relationship is a capital crime. Complaint, ¶ 15.

Plaintiffs allege that in May 2021, following closures due to the Covid-19 pandemic, the United States opened its borders to international travelers, but required that all foreign citizens entering U.S. borders be an "immediate family member" of a U.S. citizen. Complaint, ¶ 20.

From their residence in Saudi Arabia, Plaintiffs booked travel under two separate reservations for travel from Saudi Arabia to San Francisco on Lufthansa. Complaint, ¶ 21.

Plaintiffs allege that while embarking on their Lufthansa flight in Riyadh, Saudi Arabia, Lufthansa personnel requested Robert Roe, a Saudi citizen, to identify his familial relationship with a U.S. citizen. Complaint, ¶ 22.

Plaintiffs allege that after Robert Roe did so, a Lufthansa employee, identified by Plaintiffs as a Pakistani Muslim, loudly declared that "he could not believe that Roe and Doe – two men, and one a Saudi citizen – were married." Complaint, ¶ 25.

Plaintiffs allege that this Lufthansa employee questioned them about their relationship. Complaint, ¶ 26.

Plaintiffs allege that this Lufthansa employee told them that he needed the approval of a Lufthansa supervisor before they could board their flight. Complaint, ¶ 27.

Plaintiffs allege that the Lufthansa employee then conferred with another Lufthansa agent

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 1050
Los Angeles, California 90067-6036
Telephone: (310) 557-2030

at length. Complaint, ¶ 27.

Plaintiffs allege that when the Lufthansa employee came back to speak to them, he loudly exclaimed: “So you two men are married?”. Complaint, ¶ 28.

Plaintiffs allege that the Lufthansa employee stated that he needed to email Lufthansa personnel in Germany for further instruction as to what to do, and requested copies of their marriage certificate, Robert Roe’s visa, and their passports. Complaint, ¶ 29.

Plaintiff Robert Roe alleges that he had to wait in Lufthansa’s office for an hour, but that they were eventually allowed to board their flight. Complaint, ¶ 32.

Plaintiffs allege that while on board the first leg of their flight from Riyadh to Frankfurt, they requested the purser and captain to advise the Lufthansa station manager in Riyadh via telex to destroy all copies and electronic copies of their personal information, which was done. Complaint, ¶ 34, Exhibit C.

Plaintiffs allege that during the second leg of their flight from Frankfurt to San Francisco, they were told that all copies of their documents had been destroyed. Complaint, ¶ 36, Exhibit D.

Plaintiffs allege that while on board the second leg of their flight from Frankfurt to San Francisco, they requested that a Lufthansa employee meet them at the airport so that they could lodge a complaint. Complaint, ¶ 36.

Plaintiffs allege that a Lufthansa employee met them at the San Francisco airport and advised them that a Lufthansa employee based in New York would call them within an hour to address their complaint. Complaint, ¶ 37. Plaintiffs allege that they never received that call. *Id.*

Plaintiffs have alleged causes of action for (1) Public Disclosure of Private Facts; (2) Intentional Infliction of Emotional Distress; (3) Breach of Contract; (4) Negligent Infliction of Emotional Distress; and (5) Loss of Consortium arising from this incident. Complaint, ¶¶ 52-80.

## ARGUMENT

## I

## THIS COURT MAY NOT EXERCISE PERSONAL JURISDICTION OVER LUFTHANSA IN CONNECTION WITH THIS LAWSUIT BECAUSE LUFTHANSA IS NOT DOMICILED IN THE STATE OF CALIFORNIA AND IS NOT ALLEGED TO HAVE ENGAGED IN ANY TORTIOUS ACTIVITY OR BREACH OF CONTRACT IN THE STATE OF CALIFORNIA

Lufthansa asserted lack of personal jurisdiction as an affirmative defense in its Answer,

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 1050
Los Angeles, California 90067-6036
Telephone: (310) 557-2030

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 1050
Los Angeles, California 90067-6036
Telephone: (310) 557-2030

and therefore the defense can be raised by motion at this time pursuant to Rule 12(i) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 12(i); *see also* Rutter Practice Guide--Federal Civil Procedure Before Trial (Calif. and 9th Cir. Edition), ¶ 9:64; 9:69.

"Where a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate." *Schwarzenegger v. Fred Martin Motor Co.,* 374 F.3d 797, 800 (9th Cir. 2004) (*citation omitted*). "Although the plaintiff must only establish a prima facie showing of personal jurisdiction, 'mere "bare bones" assertions of minimum contacts with the forum or legal conclusions unsupported by specific factual allegations will not satisfy a plaintiff's pleading burden.'" *Franco v. Usplabs, LLC*, Case No. CV 14-00592-R, 2014 WL 12569366, at *1 (C.D. Cal. Sept. 3, 2014) (J. Real) (*citing Swartz v. KPMG LLP*, 476 F.3d 756, 766 (9th Cir. 2007)). "To make a prima facie showing, the plaintiff must demonstrate facts that would be sufficient to establish the existence of personal jurisdiction." *Id.* (*citing Harris Rutsky & Co. Ins. Services, Inc. v. Bell & Clements Ltd.,* 328 F.3d 1122, 1129 (9th Cir. 2003)).

The exercise of personal jurisdiction is constitutionally permissible only if the defendant has sufficient "minimum contacts" with the forum state so that the exercise of jurisdiction "does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington*, 326 U.S. 310, 316, (1945); *Pavlovich v. Superior Ct.*, 29 Cal. 4th 262, 268, 58 P.3d 2, 6 (2002). In other words, the defendant's contacts with the forum state must be such that the defendant had "fair warning" that its activities might subject it to personal jurisdiction in the state. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985); *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). "In judging minimum contacts, a court properly focuses on 'the relationship among the defendant, the forum, and the litigation.'" *Calder v. Jones*, 465 U.S. 783, 788 (1984). "Each defendant's contacts with the forum State must be assessed individually." *Id.* at 790.

The concept of minimum contacts embraces two types of jurisdiction—general (all purpose jurisdiction) and specific (case-linked jurisdiction). *Aquila, Inc. v. Superior Ct.*, 148 Cal. App. 4th 556, 569 (2007). General jurisdiction is appropriate where a foreign corporation's

"continuous corporate operations within a state [are] so substantial and of such a nature as to justify suit against it on causes of action arising from dealings entirely distinct from those activities." *Daimler AG v. Bauman,* 571 U.S. 117, 119, 134 S. Ct. 746, 187 L. Ed. 2d 624 (2014). Specific jurisdiction results when the defendant's contacts with the forum state, though not enough to subject the defendant to the general jurisdiction of the forum, are sufficient to subject the defendant to suit in the forum on a cause of action related to or arising out of those contacts. *Aquila, supra*, 148 Cal. App. 4th at 569-570. The defendant's minimum contacts are assessed as of the date the cause of action arose. *Boaz v. Boyle & Co.*, 40 Cal. App. 4th 700, 717 (1995).

***A. This Court Cannot Exercise General Personal Jurisdiction over Lufthansa because Lufthansa is Organized and Existing under the Laws of the Republic of Germany and Maintains Its Principal Place of Business in Germany and There Are No Exceptional Circumstances Warranting the Exercise of General Jurisdiction.***

In *Daimler AG v. Bauman*, the United States Supreme Court held that although the exceptional case may exist, the "paradigm all-purpose forums" for general jurisdiction are a corporation's place of incorporation and principal place of business. *Daimler*, *supra*, 571 U.S. at 137 & n. 19. In *Daimler*, the United States Supreme Court rejected the plaintiffs' argument that general jurisdiction is appropriate whenever a corporation "engages in a substantial, continuous, and systematic course of business" in a state. *Id.* at 138. The Court emphasized that the "paradigm" fora for general jurisdiction are a corporation's place of incorporation and principal place of business. *Id.* at 137. Only in an "exceptional case" will general jurisdiction be available anywhere else. *Id.* at 138 n. 19. Here, Lufthansa is organized and existing under the laws of Germany and maintains its principal place of business in Cologne, Germany. Stevens Declaration, ¶ 7. This is not an exceptional case that would warrant the exercise of general jurisdiction over Lufthansa. Accordingly, Plaintiffs cannot satisfy their burden of proof to establish that this Court may exercise general personal jurisdiction over Lufthansa.

***B. This Court May Not Exercise Specific Personal Jurisdiction over Lufthansa Because Plaintiffs Cannot Establish that Lufthansa Maintained Minimum Contacts with the State of California with any Nexus to this Incident, and the Exercise of Personal Jurisdiction Would Be Unreasonable.***

Jurisdiction is "limited" or "specific" where the defendant's in-state activity shows

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 1050
Los Angeles, California 90067-6036
Telephone: (310) 557-2030

"purposeful availment," meaning "some act by which [it] purposefully avails itself of the privilege of conducting activities within the forum State." There must be an affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 209 L. Ed. 2d 225, 141 S. Ct. 1017, 1024–25 (2021).

The contacts needed for this kind of jurisdiction often go by the name "purposeful availment." *Burger King Corp., supra,* 471 U.S. at 475. The defendant must take "some act by which [it] purposefully avails itself of the privilege of conducting activities within the forum State." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958). The contacts must be the defendant's own choice and not "random, isolated, or fortuitous." *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 774 (1984). They must show that the defendant deliberately "reached out beyond" its home—by, for example, "exploi[ting] a market" in the forum State or entering a contractual relationship centered there. *Walden v. Fiore*, 571 U.S. 277, 285 (2014) (internal quotation marks and alterations omitted).

Yet even then—because the defendant is not "at home"—the forum State may exercise jurisdiction in only certain cases. The plaintiff 's claims, "must arise out of or relate to the defendant's contacts" with the forum. *Bristol-Myers Squibb Co. v. Sup.Ct. of Calif., San Francisco County*, 582 U.S. 255, 262-268 (2017) *quoting Daimler*, *supra*, 571 U.S. at 127; *Burger King*, 471 U.S. at 472; *Helicopteros Nacionales de Colombia, S. A. v. Hall*, 466 U.S. 408, 414, (1984); *International Shoe*, *supra,* 326 U.S., at 319. "There must be 'an affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation.'" *Bristol-Myers*, *supra,* 582 U. S. at 262. In sum, for the state of California to exercise jurisdiction over a defendant consistent with due process, "the **defendant's <u>suit-related conduct</u> must create a substantial connection with the forum State.**" *Id.* at 262-268. Such "specific" personal jurisdiction requires a showing of:

- **Purposeful availment**: The out-of-state defendant purposefully established contacts with the forum state;
- **Arising out of**: Plaintiff's cause of action "arises out of" or is

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 1050
Los Angeles, California 90067-6036
Telephone: (310) 557-2030

> "related to" defendant's contacts with the forum state; and
>
> • **Reasonableness**: The forum's exercise of personal jurisdiction in the particular case comports with "fair play and substantial justice."

*Burger King Corp.,* 471 U.S. at 477-478; *Vons Cos., Inc., supra,* 14 Cal. 4th at 446.

Although a defendant's single act may suffice to establish personal jurisdiction over a nonresident, provided a "substantial connection" with the forum is created thereby (*McGee v. International Life Ins. Co.*, 355 U.S. 220, 223 (1957)), there must be a direct relationship between the defendant's forum-related activity and the claim. "Even regularly occurring sales of a product in a State do not justify the exercise of jurisdiction over a claim unrelated to those sales." *Bristol-Myers Squibb Co. v. Sup.Ct. of Calif., San Francisco County*, 582 U.S. 255, 264, (2017) (*internal quotes and citation omitted*).

If the nonresident defendant operates entirely outside California, the mere fact that its acts "cause an effect" within the state, or even that such effect was "foreseeable," is not enough by itself to support local personal jurisdiction. Rather, it must be shown that defendant **purposefully directed** its activities at California with knowledge that its conduct would cause harm in this state. *Pavlovich, supra,* 29 Cal. 4th at 272.

Here, Plaintiffs cannot meet this burden. The incident which gives rise to Plaintiffs' lawsuit occurred in Riyadh, Saudi Arabia, which is also where Plaintiffs reside, and where Plaintiffs allegedly purchased their contract of carriage with Lufthansa. *See* Stevens Decl., ¶¶ 24, 27. Plaintiffs' Complaint does not allege any tortious conduct or alleged breach of contract that occurred in the State of California. Furthermore, Lufthansa is organized and existing under the laws of the Republic of Germany and maintains its principal place of business in Cologne, Germany. *Id.* at ¶ 7. Although Lufthansa had 41 employees and two offices in California at the time of this incident, these employees had no connection, whatsoever, to the operative facts of this lawsuit, in which Plaintiffs allege that Lufthansa personnel located in Saudi Arabia, wrongfully disclosed Plaintiffs' marital status to the Saudi Arabian government.

Furthermore, since no part of Plaintiff's lawsuit arises from or relates to Lufthansa's contacts with California, Plaintiff cannot establish specific personal jurisdiction over Lufthansa.

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 1050
Los Angeles, California 90067-6036
Telephone: (310) 557-2030

*Martinez v. Aero Caribbean*, 764 F.3d 1062, 1069 (9th Cir. 2014), *citing Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n. 8, (1984). Although Plaintiffs' Complaint alleges, without factual support, that "some of the events in question" occurred in California, the gravamen of Plaintiffs' Complaint is the allegedly wrongful disclosure of their marital status in Riyadh, Saudi Arabia. The only factual allegation made by Plaintiffs in their Complaint regarding California is that a Lufthansa employee met them upon arrival in San Francisco, took their complaint, and advised them that a Lufthansa employee in New York would be in touch to address their complaints within the hour. Complaint, ¶ 37. However, this fact does not support any of the causes of action alleged by Plaintiffs, and does not constitute tortious activity or breach of any alleged contract, and cannot be used to force personal jurisdiction here.

There is no basis for personal jurisdiction over Lufthansa in this case and, accordingly, Plaintiff's claims against Lufthansa must be dismissed pursuant to Rule 12(i) of the Federal Rules of Civil Procedure.

## II
## IN THE ALTERNATIVE, LUFTHANSA IS ENTITLED TO JUDGMENT ON THE PLEADINGS PURSUANT TO RULE 12(c) OF THE FEDERAL RULES OF CIVIL PROCEDURE BECAUSE PLAINTIFFS' CLAIMS ARE EXCLUSIVELY GOVERNED BY THE MONTREAL CONVENTION, WHICH DOES NOT PERMIT RECOVERY FOR THE TYPE OF CLAIMS ALLEGED BY PLAINTIFFS

Plaintiffs have alleged five causes of action arising from this incident, for: (1) Public Disclosure of Private Facts; (2) Intentional Infliction of Emotional Distress; (3) Breach of Contract; (4) Negligent Infliction of Emotional Distress; and (5) Loss of Consortium. Lufthansa is entitled to judgment as a matter of law on these claims because Plaintiffs' claims alleged against it are exclusively governed by the Montreal Convention framework of liability, and these claims are not compensable under the Convention.

### ***A. The Montreal Convention Applies Here because Plaintiffs' Alleged Claims Arose in the Course of Their "International Carriage" with Lufthansa.***

The Montreal Convention, adopted at a diplomatic conference held in 1999, was the product of an effort by the International Civil Aviation Organization ("ICAO"), a specialized

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 1050
Los Angeles, California 90067-6036
Telephone: (310) 557-2030

agency of the United Nations, to update and "harmonize the hodgepodge of supplementary amendments and intercarrier agreements" of which its predecessor, the Warsaw Convention[1] system of liability, consisted. *Sompo Japan Ins., Inc. v. Nippon Cargo Airlines Co., Ltd.*, 522 F.3d 776, 780 (7th Cir. 2008), *citing Ehrlich v. Am. Airlines*, 360 F.3d 366, 371 n.4 (2d Cir. 2004).

The 1929 Warsaw Convention was a treaty that exclusively governed the rights and liabilities of passengers and carriers in "international" transportation by air. *See El Al Israel Airlines, Ltd. v. Tseng*, 525 U.S. 155, 161 (1999).

The Montreal Convention is the successor treaty to the Warsaw Convention, (*Hosaka v. United Airlines, Inc*., 305 F.3d 989, 996 (9th Cir. 2002)), and unifies and replaces the system of liability that derives from the Warsaw Convention. *Ehrlich*, 360 F.3d at 371. The Montreal Convention completely replaces the Warsaw Convention system of liability, but retains many of the same provisions and terms as the original Warsaw Convention. *See* Montreal Convention, Art. 55.

On September 5, 2003, the United States deposited its instrument of ratification of the Montreal Convention with the ICAO and the Convention entered into force 60 days thereafter, *i.e.*, November 4, 2003. *See* U.S. Department of State, *Treaties in Force: A List of Treaties and Other International Agreements of the United States in Force on January 1, 2020* (2020), https://www.state.gov/wp-content/uploads/2020/08/TIF-2020-Full-website-view.pdf (last visited on November 17, 2023).

Since the Montreal Convention entered into force in the United States on November 4, 2003, U.S. courts have continued to rely on cases interpreting a provision of the earlier Warsaw Convention where the equivalent provision in the Montreal Convention is substantively the same. *See Phifer v. Icelandair*, 652 F.3d 1222, f.n. 1 (9th Cir. 2011).

Saudi Arabia is also a State Party to the Montreal Convention, and the Montreal

[1] The Convention for the Unification of Certain Rules Relating to International Transportation by Air, October 12, 1929, 49 Stat. 3000, T.S. No. 876, 137 L.N.T.S. 11 (1934), *reprinted in note following* 49 U.S.C. § 40105 (1997), commonly and hereinafter referred to as the "Warsaw Convention."

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 1050
Los Angeles, California 90067-6036
Telephone: (310) 557-2030

Convention entered into force in Saudi Arabia on December 14, 2002. *See* International Civil Aviation Organization, Current Lists of Parties to Multilateral Air Treaties, accessible at: https://www.icao.int/secretariat/legal/List%20of%20Parties/Mtl99_EN.pdf (last visited on November 17, 2023). Germany is also a State Party to the Montreal Convention, and the Montreal Convention entered into force in Germany on June 28, 2004. *Id.*

Like its predecessor, the Montreal Convention is applicable to all "international carriage" of persons, baggage or cargo performed by aircraft for reward. Montreal Convention, Art. 1(1); *Narayanan v. British Airways*, 747 F.3d 1125, 1127 (9th Cir. 2014); *see also Chubb Ins. Co. of Europe S.A. v. Menlo Worldwide Forwarding, Inc.*, 634 F.3d 1023, 1026 (9th Cir. 2011).

The expression "international carriage" is defined at Article 1(2) of the Montreal Convention as:

> any carriage in which, according to the agreement between the parties, the place of departure and the place of destination, whether or not there be a break in the carriage or a transshipment, are situated . . . within the territory of a single State Party if there is an agreed stopping place within the territory of another State, even if that State is not a State Party.

Montreal Convention, Art. 1(2).

In *Lathigra v. British Airways PLC*, 41 F.3d 535, 539 (9th Cir. 1994), the Ninth Circuit Court of Appeals stated: "Once the passenger presents herself to the carrier or its agents as ready to begin the air journey, the Convention generally governs liability . . . and its provisions apply until completion of disembarkation at the destination airport.." Here, it cannot be reasonably disputed that Plaintiffs' alleged injuries occurred in the course of "international carriage" with Lufthansa and that the Montreal Convention applies to Plaintiffs' claims alleged in this lawsuit.

### *B. The Montreal Convention Preempts Plaintiffs' State Law Causes of Action and Exclusively Governs Plaintiffs' Claims against Lufthansa.*

Because the Montreal Convention applies to Plaintiffs' carriage with Lufthansa, the express language of Article 29 of the Convention makes clear that any action arising out of that carriage can only be brought subject to the conditions and limits of the Convention. Article 29 of the Convention, provides, in pertinent part, that:

> In the carriage of passengers . . . any action for damages, however

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 1050
Los Angeles, California 90067-6036
Telephone: (310) 557-2030

> founded, whether under this Convention or in contract or in tort or otherwise, can only be brought subject to the conditions and such limits of liability as are set out in this Convention . . . .

Montreal Convention, Art. 29; *Narayanan*, *supra*, 747 F.3d at 1127.

The United States Supreme Court has held that the Warsaw Convention completely preempts state law causes of action whether "in contract or tort" and exclusively governs the rights and liabilities of the parties. *See El Al Israel Airlines, Ltd. v. Tseng*, 525 U.S. 155, 161 (1999). Since *Tseng*, courts have uniformly held that where it applies, the Montreal Convention, like the Warsaw Convention, preempts state law causes of action whether "in contract or tort" and exclusively governs the rights and liabilities of the parties. *Narayanan v. British Airways,* 747 F.3d 1125, 1127 (9th Cir. 2014); *Paradis v. Ghana Airways Ltd*., 348 F. Supp. 2d 106, 114 (S.D.N.Y. 2004), *aff'd*, 194 Fed. Appx. 5 (2d Cir. 2006) (holding that the Montreal Convention has "substantially the same preemptive effect" as the Warsaw Convention); *Kruger v. United Airlines, Inc.*, 481 F. Supp. 2d 1005, 1008 (N.D. Cal. 2007).

In federal question cases, district courts within the Northern District of California have uniformly applied *Tseng* and held that state law claims are preempted by the Convention and must be dismissed with prejudice. *Kruger v. United Airlines, Inc.*, 481 F. Supp. 2d 1005, 1009 (N.D. Cal. 2007) ("plaintiff Ruth Kruger's state law tort claims, including those sounding in negligence and infliction of emotional distress, against United are preempted by the Montreal Convention."); *Smith v. Am. Airlines, Inc.,* No. C 09-02903 WHA, 2009 WL 3072449, at *4 (N.D. Cal. Sept. 22, 2009).

In *Smith*, the plaintiff alleged that during an international American Airlines flight from Miami International Airport in Florida to St. Kitts, Bahamas, a large bottle of liquid fell from an overhead bin and struck her on the head thereby causing various injuries. *Id.* at *1. The plaintiff alleged state law causes of action for general negligence and motor vehicle negligence, as well as a cause of action under the Warsaw Convention. *Id.* In response to defendant's motion for judgment on the pleadings, Judge William Alsup noted that the Montreal Convention governed the plaintiff's claims and that: "every district court decision on this issue has held that the Montreal Convention's preemptive effect is substantially the same as, if not identical to, that of

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 1050
Los Angeles, California 90067-6036
Telephone: (310) 557-2030

the Warsaw Convention." *Id.* at *2, citing *Seales v. Panamanian Aviation Co.*, 2009 WL 395821 at *22 E.D.N.Y. Feb. 18, 2009); *Jones v. USA 3000 Airlines*, No. 4:08–CV–1855, 2009 U.S. Dist. LEXIS 9049, at *8–9, 2009 WL 330596 (E.D. Mo. Feb. 9, 2009); *Knowlton v. American Airlines, Inc.*, No. RDB–06–854, 2007 U.S. Dist. LEXIS 6882, at *11 n. 3, 2007 WL 273794 (D. Md. Jan. 31, 2007). Judge Alsup held that "plaintiff's state law claims for negligence fall within the Montreal Convention's 'substantive scope' and are preempted pursuant to *Tseng* and *Carey*." *Id.* at *4. The Court allowed plaintiff's claims against the carrier to proceed under the Montreal Convention, only. *Id.* at *5.

Accordingly, it is well established that when a plaintiff's claim arises out of international carriage, all state law causes of action against the air carrier are preempted by the Montreal Convention, and the rights and liabilities of the parties are governed exclusively by the Convention. Thus, Plaintiffs can only proceed against Lufthansa pursuant to the Montreal Convention framework of liability, as stated in Article 17 of the Convention. Article 17 of the Montreal Convention permits recovery for bodily injuries, only, and does not permit recovery for the type of injuries and damages alleged by Plaintiffs here. Article 17(1) of the Montreal Convention provides as follows:

> The carrier is liable for damage sustained in case of death or bodily injury of a passenger upon condition only that the accident which caused the death or injury took place on board the aircraft or in the course of any of the operations of embarking or disembarking.

Montreal Convention, Art. 17.

The United States Supreme Court has held that in order to recover under Article 17, a passenger must sustain a "bodily injury" as the result of the "accident." Mental injury that is unaccompanied by physical injury is not compensable under Article 17. *Eastern Airlines, Inc. v. Floyd*, 499 U.S. 530, 534, 552 (1991). The United States Supreme Court has held that state law negligence determinations are irrelevant to the Article 17 inquiry. *Olympic Airways v. Husain*, 540 U.S. 644, 654, 124 S. Ct. 1221, 1228, 157 L. Ed. 2d 1146 (2004). In this case, because Plaintiffs have not and cannot in good faith allege that they sustained any type of bodily injury in the course of their international carriage with Lufthansa, Plaintiffs may not recover and

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 1050
Los Angeles, California 90067-6036
Telephone: (310) 557-2030

Plaintiffs' Complaint must be dismissed, with prejudice.

## III
## PLAINTIFFS' CLAIMS ALLEGED AGAINST LUFTHANSA MUST BE DISMISSED PURSUANT TO RULE 12(c) OF THE FEDERAL RULES OF CIVIL PROCEDURE FOR FAILURE TO STATE A CLAIM BECAUSE THEY RELATE TO LUFTHANSA'S SERVICES AND ARE THUS PREEMPTED BY THE AIRLINE DEREGULATION ACT

The Airline Deregulation Act ("ADA") provides that "[A] State, political subdivision of a State, or political authority of at least 2 states may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of an air carrier that may provide air transportation under this subpart." 49 U.S.C. § 41713(b)(1) (West 2023).

The Supreme Court considered the scope of preemption under the ADA in *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 112 S.Ct. 2031, 119 L.Ed.2d 157 (1992). It noted that section 41713(b)(1) was enacted "[t]o ensure that the States would not undo federal deregulation with regulation of their own." *Id.* at 378, 112 S.Ct. at 2033. Focusing on the statutory phrase "relating to" the Court held that "the words thus express a broad pre-emptive purpose." *Id.* at 383, 112 S.Ct. at 2037. Claims that have "a connection with, or reference to" an airline's prices, routes, or services are therefore preempted under the statute. *Id.* at 384. Specifically, the Court stated that even general statutes, when particularly applied to the airline industry, are preempted. *Id.* at 386. In *Morales*, the Supreme Court held that the ADA preempted the specific application of general state consumer protection statutes to airline fare advertising.

The Supreme Court again considered the ADA's preemption clause in *American Airlines, Inc. v. Wolens*, 513 U.S. 219, 115 S.Ct. 817, 130 L.Ed.2d 715 (1995). In accord with *Morales*, the Court held plaintiffs' claims under the Illinois Consumer Fraud Act were preempted, because such actions served "to guide and police the marketing practices of the airlines." *Wolens*, 513 U.S. at 228, 115 S.Ct. at 823. However, the Court carved out an exception to ADA preemption for contract claims against airlines such as those involving frequent-flyer programs, even when related to prices, routes, or services. The Court reasoned that such contract actions merely seek to enforce the parties' "own, self-imposed undertakings." *Id.* The Court, however, limited its breach-of-contract exception to actions confined to the terms of the parties' bargain, "with no enlargement or enhancement based on state laws or policies external to the agreement." *Id.* at 233. Thus, when a

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 1050
Los Angeles, California 90067-6036
Telephone: (310) 557-2030

contract claim cannot be adjudicated without resort to sources outside of the contract, the claim is still preempted by the ADA.

The Ninth Circuit has interpreted the term "service" narrowly, to "refer to the prices, schedules, origins and destinations of the point-to-point transportation of passengers, cargo, or mail." *Charas v. Trans World Airlines, Inc.*, 160 F.3d 1259, 1261 (9th Cir. 1998), opinion amended on denial of reh'g, 169 F.3d 594 (9th Cir. 1999). In *Charas*, the Ninth Circuit held that: "Congress used 'service' in [§ 41713(b)(1) ] in the public utility sense—i.e., the provision of air transportation to and from various markets at various times," and did not mean broadly to reach the various amenities provided by airlines, such as "in-flight beverages, personal assistance to passengers, the handling of luggage, and similar amenities." *Id.* at 1266, 1261. Here, however, Plaintiffs' claims arise from Lufthansa's provision of air transportation to and from various markets at various times, and the ever-shifting international requirements for travel during the Covid-19 pandemic. Plaintiffs' claims arise from the disclosure of their marital status to the government of Saudi Arabia during travel, at a time when Plaintiffs were admittedly required to establish their marital relationship in order to fly to the United States. This is a "service" provided by Lufthansa in the public utility sense, and Plaintiffs' claims are preempted by the ADA.

The Fourth Circuit took up the scope of ADA preemption in a case similar to the present case in *Smith v. Comair, Inc.*, 134 F.3d 254, 257 (4th Cir. 1998), in which a passenger brought various state law causes of action arising from the interruption of his travel and alleged false arrest due to an airline's failure to request his identification at his original point of check-in. The Fourth Circuit held the plaintiff's claims were preempted under the ADA because of its practical effect on federal law in this area, reasoning that "[i]f passengers could challenge airlines' boarding procedures under general contract claims alleging failure to transport, we would allow the fifty states to regulate an area of unique federal concern—airlines' boarding practices." *Id.* at 258, *citing Hodges v. Delta Airlines, Inc.,* 44 F.3d 334, 339 (5th Cir.1995) (*en banc*) (allowing claims alleging wrongful exclusions from flights "would result in significant de facto regulation of the airlines' boarding practices"). The Fourth Circuit further held that pursuant to 49 U.S.C. § 44902(b), airlines must be accorded broad discretion in making boarding decisions related to safety, and that allowing

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 1050
Los Angeles, California 90067-6036
Telephone: (310) 557-2030

plaintiff's claim to proceed would frustrate that important federal objective. *Id.*

Here, Plaintiffs' allegations are not the typical personal injury claims or claims arising from passenger service, such as food and beverage service, baggage handling, or the like, which the Ninth Circuit has held that the ADA does not preempt. Rather, Plaintiffs' claims here arise from public utility services provided by Lufthansa in connection with the boarding process to ensure that customers are properly documented for their international travel, including the alleged reporting of Plaintiffs' martial status in compliance with Covid-19 travel restrictions to the Saudi Arabian government. Accordingly, Plaintiffs' claims are akin to those of plaintiff in *Smith v. Comair*, *supra*, and are preempted by the ADA and must be dismissed on this basis.

## IV
## PLAINTIFFS' CLAIMS ALLEGED AGAINST LUFTHANSA MUST BE DISMISSED PURSUANT TO RULE 12(c) OF THE FEDERAL RULES OF CIVIL PROCEDURE PURSUANT TO THE PRESUMPTION AGAINST THE EXTRATERRITORIAL APPLICATION OF CALIFORNIA LAW

Plaintiffs' claims arise from the alleged disclosure of their marital status by Lufthansa personnel in Saudi Arabia, to the Saudi Arabian government. Plaintiffs allege that in Saudi Arabia, homosexual relationships are a capital offense. Plaintiffs' California common law tort and contract claims fail as a matter of law because California law does not apply extraterritorially, and applying California law to Plaintiffs' claims would raise issues of international comity.

The United States Supreme Court has held that it is a basic premise of our legal system that, in general, "United States law governs domestically but does not rule the world." *Microsoft Corp. v. AT & T Corp.*, 550 U.S. 437, 454, 127 S.Ct. 1746, 167 L.Ed.2d 737 (2007). This principle finds expression in a canon of statutory construction known as the presumption against extraterritoriality: Absent clearly expressed congressional intent to the contrary, federal laws will be construed to have only domestic application. *Morrison v. National Australia Bank Ltd.*, 561 U.S. 247, 255, 130 S.Ct. 2869, 177 L.Ed.2d 535 (2010). "When a statute gives no clear indication of an extraterritorial application, it has none." *Id.*, at 255, 130 S.Ct. 2869. There are several reasons for this presumption. Most notably, it serves to avoid the international discord that can result when U.S. law is applied to conduct in foreign countries. See, *EEOC v. Arabian American Oil Co.*, 499 U.S. 244, 248, 111 S.Ct. 1227, 113 L.Ed.2d 274 (1991) (Aramco ); *Benz v. Compania Naviera Hidalgo,*

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 1050
Los Angeles, California 90067-6036
Telephone: (310) 557-2030

*S.A.*, 353 U.S. 138, 147, 77 S.Ct. 699, 1 L.Ed.2d 709 (1957). But it also reflects the more prosaic "commonsense notion that Congress generally legislates with domestic concerns in mind." *Smith v. United States*, 507 U.S. 197, 204, n. 5, 113 S.Ct. 1178, 122 L.Ed.2d 548 (1993). U.S. Courts therefore apply the presumption across the board, "regardless of whether there is a risk of conflict between the American statute and a foreign law." *Morrison*, *supra*, at 255, 130 S.Ct. 2869. The presumption against extraterritoriality applies with full force and effect within California as well. *Sullivan v. Oracle Corp.*, 51 Cal. 4th 1191, 1207, 254 P.3d 237, 248 (2011).

The presumption against extraterritoriality applies here to bar Plaintiffs' California common law tort and contract claims. The conduct which forms the crux of Plaintiffs' claims – disclosure of Plaintiffs' marital status to government officials in Saudi Arabia - is presumably legal where it occurred, as Plaintiffs allege that homosexual relationships are treated as a capital offense in Saudi Arabia. Any attempt by the United States courts to litigate issues regarding alleged communications between Lufthansa and the Saudi Arabian government in Saudi Arabia regarding Plaintiffs' marital status raises the presumption against the extraterritorial application of California law and on this basis, Plaintiffs' claims against Lufthansa must be dismissed.

## V
## PLAINTIFFS' CLAIMS ALLEGED AGAINST LUFTHANSA MUST BE DISMISSED PURSUANT TO RULE 12(c) OF THE FEDERAL RULES OF CIVIL PROCEDURE FOR FAILURE TO STATE A CLAIM BECAUSE PLAINTIFFS FAIL TO STATE A CLAIM AGAINST LUFTHANSA UNDER CALIFORNIA LAW

Plaintiffs' claims must also be dismissed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure because Plaintiffs fail to state any viable claim against Lufthansa under California law.

### ***A. Plaintiffs Fail to State a Claim for Public Disclosure of Private Fact because Plaintiffs Have Not Alleged that Lufthansa Publicly Disclosed The Fact of Their Marriage and Moreover, Their Marriage Is a Matter of Public Record.***

The elements of a cause of action for public disclosure of private facts are: (1) public disclosure (2) of a private fact (3) which would be offensive and objectionable to the reasonable person and (4) which is not of legitimate public concern." *Shulman v. Grp. W Prods., Inc.*, 18 Cal. 4th 200, 214, 955 P.2d 469, 478 (1998), *as modified on denial of reh'g* (July 29, 1998). Plaintiffs fail to plead facts that satisfy any element of the cause of action for public disclosure of





CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 1050
Los Angeles, California 90067-6036
Telephone: (310) 557-2030

private facts.

Preliminarily, Plaintiffs have not alleged that there was a public disclosure of their marital status. Plaintiffs have alleged that a Lufthansa check-in agent repeated their disclosure of their marital status loudly at the check-in desk, and then repeated their marital status to other Lufthansa personnel. Plaintiffs further conjecture in their Complaint that Lufthansa privately disclosed Plaintiffs' marital status to the government of Saudi Arabia. Liability for the tort of public disclosure of private facts requires "publicity"; disclosure to a few people in limited circumstances does not violate the right. *Porten v. University of San Francisco*, 64 Cal.App.3d 825, 840, 134 Cal.Rptr. 839 (1976); *Timperley v. Chase Collection Service*, 272 Cal.App.2d 697, 700, 77 Cal.Rptr. 782 (1969); *Schwartz v. Thiele*, 242 Cal.App.2d 799, 805, 51 Cal.Rptr. 767 (1966). "The disclosure of the private facts must be a public disclosure, and not a private one; there must be, in other words, publicity." *Porten v. Univ. of San Francisco*, 64 Cal. App. 3d 825, 828, 134 Cal. Rptr. 839, 841 (Ct. App. 1976). The tort must be accompanied by publicity in the sense of communication to the public in general or to a large number of persons as distinguished from one individual or a few. *Id.* In *Porten*, the University of San Francisco's disclosure of plaintiff's grades at a former university to the Scholarship and Loan Commission was not deemed sufficient to constitute a publication of private facts. *Id.* Similarly, here, even accepting all of Plaintiff's allegations as true, publication of the fact of Plaintiffs' marriage was made only verbally to individuals who happened to be present at the time Plaintiffs were checking in, as well as to other Lufthansa personnel, and as Plaintiffs conjecture, privately to the government of Saudi Arabia. Plaintiffs have not made any type of allegation that Lufthansa (as opposed to the Government of Saudi Arabia) publicized Plaintiffs' marital status.

Moreover, Plaintiffs fail to state a claim for public disclosure of private facts because their marriage is not a private fact – it is a matter of public record. The First Amendment precludes recovery for the disclosure of facts that are a matter of public record. *Cox Broadcasting Corp. v. Cohn*, 420 U.S. 469, 95 S.Ct. 1029, 1045, 43 L.Ed.2d 328, 348 (1975). In California, marriage licenses are public records. *See* https://www.cdph.ca.gov/Programs/CHSI/Pages/Types-of-Marriage-Licenses-.aspx, last

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 1050
Los Angeles, California 90067-6036
Telephone: (310) 557-2030

accessed November 17, 2023. In the State of California, marriage licenses are registered at the County Recorder's Office in the county where the license was purchased, and anyone may request copies of the marriage license by submitting the required fee to the County Recorder. *Id.*

Plaintiffs also have affirmatively alleged that plaintiff Robert Roe was required to disclose his marital status to Lufthansa and customs authorities, an agency of the government, in order to board an international flight to the United States. Therefore, Plaintiffs have failed to plead that the disclosure of their marital status would be objectively offensive and unreasonable. Rather, Plaintiffs have affirmatively pleaded that the disclosure of their marital status to the airline and government authorities in Saudi Arabia and the United States was necessary and required in order for plaintiff Robert Roe to board a flight from Riyadh to San Francisco during the height of Covid-19 restrictions on passenger travel.

Therefore, because Plaintiffs have failed to allege facts sufficient to sustain any element of this cause of action, Plaintiffs' cause of action for public disclosure of private facts must be dismissed, with prejudice.

***B. Plaintiffs' Cause of Action for Breach of Contract Fails as a Matter of Law because Plaintiffs Have Failed to Allege the Terms of Any Contract.***

Under California law, in order to state a cause of action for breach of contract, a complaint must indicate on its face whether the contract is written, oral, or implied by conduct. *Otworth v. Southern Pac. Transportation Co.*, 166 Cal.App.3d 452, 458-459, 212 Cal.Rptr. 743 (1985); CAL. CODE CIV. PROC. § 430.10 (g) (West 2023). If the action is based on alleged breach of a written contract, the terms must be set out **verbatim** in the body of the complaint or a copy of the written agreement must be attached and incorporated by reference. *Harris v. Rudin, Richman & Appel*, 74 Cal. App. 4th 299, 307, 87 Cal. Rptr. 2d 822, 828 (1999); *Otworth*, *supra*, 166 Cal. App. 3d at 359. Plaintiffs' Complaint does not specify what type of contract they seek to enforce. Further, Plaintiffs do not set out the terms of the contract verbatim or attach a copy of the written agreement containing the terms Lufthansa is alleged to have breached. Plaintiffs' cause of action for breach of contract fails on this basis alone.

Furthermore, Plaintiffs should not be permitted leave to amend this cause of action,

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 1050
Los Angeles, California 90067-6036
Telephone: (310) 557-2030

because the only written contract(s) between Lufthansa and Plaintiffs are their contracts of carriage with Lufthansa, which contain no provisions regarding privacy. Courts have held that a plaintiff cannot state a claim for breach of contract on the ground that the defendant violated his privacy when there is no provision in the contract in which the defendant promised to safeguard plaintiff's private information. *See Damner v. Facebook Inc.*, No. 20-cv-05177, 2020 WL 7862706, at *7 (N.D. Cal. Dec. 31, 2020) (*citing Frances T. v. Vill. Green Owners Assn.*, 42 Cal. 3d 490, 512-13 (1986), dismissing a breach of contract claim because the plaintiff did not point to any provision in the alleged agreement that imposed the obligation that was allegedly breached).

The only contract between Lufthansa and Plaintiffs is the contract of carriage, which is made subject to Lufthansa's General Terms and Conditions – Conditions of Carriage for Passengers and Baggage. Lufthansa's General Terms and Conditions affirmatively state that Lufthansa will "[make] information associated with the organization of your journey available to the relevant government agencies and other airlines …" and further states that Lufthansa is "entitled to transmit your passport data and all of your personal data processed and used by us in connection with your flight to domestic and foreign authorities . . .". *See* §§ 5.3 and 13.7 of Lufthansa's General Terms and Conditions – Conditions of Carriage for Passengers and Baggage, accessible at https://www.lufthansa.com/xx/en/business-terms-and-conditions-1#16, last accessed November 17, 2023.

Plaintiffs' Complaint selectively quotes from a source extrinsic to the contract between Lufthansa and Plaintiffs - Lufthansa's Data Protection Information. Although Plaintiffs claim this is part of their contract with Lufthansa, Lufthansa's Data Protection Information is just that – information - provided for informational purposes only and forms no part of the contract of carriage. However, even if Lufthansa's Data Protection Information did form part of the contract of carriage between Lufthansa and Plaintiffs, by its own terms, Lufthansa's Data Protection Information explicitly notifies consumers that their personal data may be shared with "government authorities and institutions, e.g. on the basis of entry regulations or police activities and investigations," along with multiple other notifications regarding the potential disclosure of

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 1050
Los Angeles, California 90067-6036
Telephone: (310) 557-2030

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 1050
Los Angeles, California 90067-6036
Telephone: (310) 557-2030

passenger information as necessary for compliance with Covid-19 travel restrictions. *See* https://www.lufthansa.com/al/en/information-on-data-protection, last accessed November 17, 2023. Plaintiffs do not reference these portions of Lufthansa's Data Protection Information in their Complaint, but even the portion that Plaintiffs do reference permits the processing of information necessary for the completion of the contract, and permits the collection and dissemination of personal information to local authorities if such information is necessary for the passenger's travel, as it allegedly was here. Complaint, ¶ 19.

For all of the foregoing reasons, Plaintiffs' claim for breach of contract fails as a matter of law. Plaintiffs should not be permitted leave to amend their Complaint because they cannot, in good faith, do so, as there is no written contract between Lufthansa and Plaintiffs containing terms prohibiting Lufthansa from disclosing Plaintiffs' information to local government authorities, and Lufthansa's General Terms and Conditions and Data Protection Information explicitly notify consumers that Lufthansa may disclose personal data to government authorities.

***C. Plaintiffs Fail to State a Claim for Intentional Infliction of Emotional Distress.***

Under a theory of Intentional Infliction of Emotional Distress ("IIED"), a plaintiff must plead and prove: "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff suffered severe or extreme emotional distress; and (3) the plaintiff's injuries were actually and proximately caused by the defendant's outrageous conduct." *Cochran v. Cochran*, 65 Cal. App. 4th 488, 494 (1988). To be successful, the conduct of the defendant must be "so extreme as to exceed all bounds of that usually tolerated in a civilized society." *Id.* An intentional infliction of emotional distress claim may not be based on constitutionally protected speech or conduct. Thus, liability cannot be imposed, either in an action for defamation or in one based on intentional infliction of emotional distress or any other theory, for what has been determined to be a constitutionally protected publication. *Reader's Digest Assn. v. Superior Court*, 37 Cal.3d 244, 265 (1984). As stated above, Plaintiffs' marital status is a matter of public record, and Plaintiffs have also affirmatively pleaded that their marital status was directly relevant to their ability to travel to the United States in the midst of Covid-19 travel restrictions. Plaintiffs cannot predicate

a cause of action for intentional infliction of emotional distress on constitutionally protected (alleged) speech by Lufthansa personnel to the Saudi Arabian government regarding Plaintiffs' marital status in connection with their international travel.

***D. Plaintiffs Fail to State a Claim for Negligent Infliction of Emotional Distress.***

Negligent Infliction of Emotional Distress ("NIED") is not an independent tort in California, but a subset of negligence. *Burgess v. Superior Court*, 2 Cal.4th 1064, 1072 (1992). As such, Plaintiffs must adequately plead the "traditional elements of duty, breach of duty, causation, and damages." *Id.*; *Hall v. Apollo Grp., Inc.*, 2014 WL 4354420, at *6 (N.D. Cal. Sept. 2, 2014) ("The elements of a claim of negligent infliction of emotional distress are: (1) the defendant engaged in negligent conduct; (2) the plaintiff suffered serious emotional distress; and (3) the defendants' negligent conduct was a cause of the serious emotional distress"). There are two possible theories of liability in an NIED cause of action: the bystander theory and the direct victim theory. *Burgess*, 2 Cal.4th at 1071. In direct victim cases, such as the case at bar, a duty may be imposed by law, be assumed by the defendant, or exist by virtue of a special relationship. *Potter v. Firestone Tire & Rubber Co.*, 6 Cal.4th 965, 985 (1993); *Burgess*, 2 Cal.4th at 1073 (liability for NIED can be imposed for "a breach of duty owed the plaintiff that is assumed by the defendant or imposed on the defendant as a matter of law, or that arises out of a relationship between the two"). Additionally, "public policy considerations are relevant in determining whether a particular plaintiff may recover damages for emotional distress." *Christensen v. Superior Court*, 54 Cal.3d 868, 885 (1991). Here, Plaintiffs have not pleaded that Lufthansa breached any duty imposed by a special relationship – to the extent Plaintiffs are attempting to hold Lufthansa to duties imposed by contract, these duties are not sufficiently alleged, as set forth above. Further, Plaintiffs have affirmatively alleged that they were required to disclose their marital status to Lufthansa and customs and border officials in order to travel to the United States in the midst of Covid-19 travel restrictions.

***E. Plaintiffs Fail to State a Claim for Loss of Consortium because Neither Plaintiff Sustained a Bodily Injury and There Is No Loss of Consortium - Plaintiffs Have Alleged That They Are Living Apart Due to Plaintiff John Doe's Employment in Saudi Arabia.***

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 1050
Los Angeles, California 90067-6036
Telephone: (310) 557-2030

A cause of action for loss of consortium has four elements: "(1) a valid and lawful marriage between the plaintiff and the person injured at the time of the injury; (2) a tortious injury to the plaintiff's spouse; (3) loss of consortium suffered by the plaintiff; and (4) the loss was proximately caused by the defendant's act." *LeFiell Mfg. Co. v. Superior Ct.*, 55 Cal. 4th 275, 284–85, 282 P.3d 1242, 1246 (2012). Plaintiffs fail to state a claim for loss of consortium because Plaintiffs do not allege any type of disabling injury sustained by either Plaintiff as the result of the alleged incident. Moreover, Plaintiffs do not allege facts that would establish that either Plaintiff's ability to fulfill their conjugal roles has been compromised in anyway.

Beyond the fact of their marriage, Plaintiffs' Complaint does not allege facts that would satisfy any other element of this cause of action. Plaintiffs have failed to allege that either spouse has sustained an injury that is sufficiently serious and disabling to raise the inference that the conjugal relationship is more than superficially or temporarily impaired. *Molien v. Kaiser Foundation Hospitals*, supra, 27 Cal.3d 916, 932–933, 167 Cal.Rptr. 831, 616 P.2d 813 (1980). In fact, Plaintiffs have not alleged a bodily injury to either spouse. Pursuant to the doctrine of loss of consortium as articulated by the California Supreme Court in *Rodriguez v. Bethlehem Steel*, the plaintiff must no longer be capable of giving love, affection, society, comfort and sexual relations to their spouse. *Rodriguez v. Bethlehem Steel Corp.*, 12 Cal. 3d 382, 400 (1974). California courts have held that a loss of consortium claim cannot be premised upon solely psychological injuries to the nonplaintiff spouse such as the wrongful termination of employment, or a cause of action employment discrimination. *Smith v. Grumman*, 60 F. Supp. 3d 1051, 1058–59 (N.D. Cal. 2014). Similarly, a loss of consortium claim cannot be premised upon the alleged wrongful disclosure of marital status in the absence of any tortious injury.

Furthermore, Plaintiffs have not alleged that there has been any loss of consortium, as that term has been defined by the California courts as set forth above, or that Lufthansa caused said loss of consortium. Plaintiffs' Complaint alleges that Plaintiffs are living apart at this moment by choice because plaintiff Robert Roe, a Saudi citizen, cannot return to Saudi Arabia for fear he will be persecuted for his sexual orientation, and because plaintiff John Doe, a U.S. citizen, cannot visit the United States more than quarterly because he has chosen to live in Saudi

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 1050
Los Angeles, California 90067-6036
Telephone: (310) 557-2030

Arabia for his employment. This is a personal choice on Plaintiffs' part, and not an actionable loss of consortium under the California Supreme Court's holding in *Rodriguez*, and Plaintiffs' claim for loss of consortium must be dismissed, without leave to amend.

**CONCLUSION**

Lufthansa respectfully requests that this Court dismiss Plaintiffs' Complaint, with prejudice, pursuant to Rules 12(i) of the Federal Rules of Civil Procedure for lack of personal jurisdiction. In the alternative, Lufthansa respectfully requests that this Court enter judgment on the pleadings in its favor pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

Dated: November 17, 2023

CONDON & FORSYTH LLP

By: /s/ Ivy L. Nowinski
IVY L. NOWINSKI

- and -

ANTHONY BATTISTA
(*Pro Hac Vice* Application to be Filed)
Email: abattista@condonlaw.com
CONDON & FORSYTH LLP
7 Times Square
New York, New York 10036
Telephone: (212) 490-9100
Facsimile: (212) 370-4453

Attorneys for Defendant
DEUTSCHE LUFTHANSA AKTIENGESELLSCHAFT

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 1050
Los Angeles, California 90067-6036
Telephone: (310) 557-2030

# PROOF OF SERVICE

**STATE OF CALIFORNIA COUNTY OF LOS ANGELES**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 1901 Avenue of the Stars, Suite 1050, Los Angeles, California 90067-6036. On November 17, 2023, I served the within document as follows:

**NOTICE OF MOTION AND MOTION OF DEUTSCHE LUFTHANSA AKTIENGESELLSCHAFT FOR JUDGMENT ON THE PLEADINGS AND TO DISMISS FOR LACK OF PERSONAL JURISDICTION; DECLARATION OF JAMES STEVENS IN SUPPORT OF MOTIONS TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND FOR JUDGMENT ON THE PLEADINGS OF DEUTSCHE LUFTHANSA AKTIENGESELLSCHAFT AND LUFTHANSA GROUP BUSINESS SERVICES NEW YORK LLC; [PROPOSED] ORDER GRANTING MOTION OF DEUTSCHE LUFTHANSA AKTIENGESELLSCHAFT FOR JUDGMENT ON THE PLEADINGS AND TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

☐ **(By Facsimile):** I caused the above-referenced document(s) to be transmitted by facsimile machine to the person(s) at the address(es) set forth below.

☐ **(By Mail):** As Follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing to the person(s) at the address(es) set forth below. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

☐ **(By Personal Service)**: I caused the above-referenced document(s) to be personally delivered by hand to the person(s) at the address(es) set forth below.

☒ **(By Electronic Service)**: I caused the above-referenced document(s) to be delivered electronically to the person(s) at the e-mail address(es) set forth below via the Court's CM/ECF service.

Donald J. Putterman, Esq.
Dannielle M. Campbell, Esq.
Putterman | Yu | Wang LLP
345 California Street, Suite 1150
San Francisco, California 94104
E-mails: dputterman@plylaw.com; dcampbell@plylaw.com

**(Federal)**: I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

/ /

Executed on November 17, 2023, at Los Angeles, California.

/s/ Elisabeth Sillars
Elisabeth Sillars