UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE, an individual; ROBERT ROE, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>DEUTSCHE LUFTHANSA AKTIENGESELLSCHAFT, a German corporation; LUFTHANSA GROUP BUSINESS SERVICES NEW YORK LLC, a Delaware limited liability company; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 3:23-cv-04413-SI<br><br>**[PROPOSED] ORDER GRANTING MOTION OF DEUTSCHE LUFTHANSA AKTIENGESELLSCHAFT FOR JUDGMENT ON THE PLEADINGS AND TO DISMISS FOR LACK OF PERSONAL JURISDICTION**<br><br>Date: January 12, 2024<br>Time: 10:00 a.m.<br>Place: Courtroom 1 – 17th Floor |

Defendant DEUTSCHE LUFTHANSA AKTIENGESELLSCHAFT (hereinafter "Lufthansa") has moved this Court to dismiss plaintiffs John Doe and Robert Roe's (hereinafter "Plaintiffs") claims alleged against it for lack of personal jurisdiction and for failure to state a claim pursuant to Rules 12(i) and 12(c) of the Federal Rules of Civil Procedure.

The Court, after considering the papers submitted in support of and in opposition to the motion, and the authorities cited by the parties, finds that:

- This Court lacks personal jurisdiction to adjudicate Plaintiffs' claims against Lufthansa. Lufthansa is organized and existing under the laws of Germany and maintains its principal place of business in Germany. Following the United States Supreme Court decision in *Daimler AG v. Bauman*, 134 S. Ct. 746, 187 L. Ed. 2d 624 (2014), absent exceptional circumstances not present here, general personal jurisdiction can only be asserted over a business entity in a state where it is domiciled or maintains its principal place of business. Furthermore, the incident which gives rise to Plaintiffs' lawsuit occurred in Saudi Arabia, which is also where Plaintiffs purchased their contract of carriage for travel with Lufthansa. Plaintiffs have failed to demonstrate any nexus between this incident and Lufthansa's contacts with the State of California as required for the exercise of specific jurisdiction following the decision of the United States Supreme Court in *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 209 L. Ed. 2d 225, 141 S. Ct. 1017, 1024–25 (2021). Accordingly, there is no basis for this Court to exercise personal jurisdiction, either general or specific, over Lufthansa, and Plaintiffs' claims must be dismissed, with prejudice, pursuant to Rule 12(i) of the Federal Rules of Civil Procedure.
- As a separate and independent basis for dismissal, Plaintiffs' claims against Lufthansa are governed by the Montreal Convention, as their alleged injuries and damages occurred while embarking on "international carriage" with Lufthansa from Riyadh, Saudi Arabia, to San Francisco, via Frankfurt, Germany. Plaintiffs' claims against Lufthansa are, therefore, exclusively governed by Article 17 of the Montreal Convention, which permits recovery only for bodily injuries, and does not permit recovery for the type of injuries and damages alleged by Plaintiffs here for the alleged wrongful disclosure of their marital status. *El Al Israel Airlines, Ltd. v. Tseng*, 525 U.S. 155, 161 (1999); *Eastern Airlines, Inc. v. Floyd*, 499 U.S.

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 1050
Los Angeles, California 90067-6036
Telephone: (310) 557-2030

530, 534, 552 (1991). Accordingly, Plaintiffs' claims must be dismissed, with prejudice, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

- As a separate and independent basis for dismissal, Plaintiffs' claims against Lufthansa are preempted by the Airline Deregulation Act ("ADA"), which provides that "[A] State, political subdivision of a State, or political authority of at least 2 states may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of an air carrier that may provide air transportation under this subpart." 49 U.S.C. § 41713(b)(1) (West 2023). The Ninth Circuit has interpreted the term "service" narrowly, to "refer to the prices, schedules, origins and destinations of the point-to-point transportation of passengers, cargo, or mail." *Charas v. Trans World Airlines, Inc.*, 160 F.3d 1259, 1261 (9th Cir. 1998), opinion amended on denial of reh'g, 169 F.3d 594 (9th Cir. 1999). In *Charas*, the Ninth Circuit held that: "Congress used 'service' in [§ 41713(b)(1) ] in the public utility sense—i.e., the provision of air transportation to and from various markets at various times," and did not mean broadly to reach the various amenities provided by airlines, such as "in-flight beverages, personal assistance to passengers, the handling of luggage, and similar amenities." *Id.* at 1266, 1261. Here, Plaintiffs' claims arise from Lufthansa's provision of air transportation to and from various markets at various times, and the ever-shifting international requirements for travel during the Covid-19 pandemic. Plaintiffs' claims arise from the alleged disclosure of their marital status to the government of Saudi Arabia during travel, at a time when Plaintiffs were admittedly required to establish their marital relationship in order to fly to the United States. This is a "service" provided by Lufthansa in the public utility sense, and Plaintiffs' claims are preempted by the ADA. *Smith v. Comair, Inc.*, 134 F.3d 254, 257 (4th Cir. 1998). Accordingly, Plaintiffs' claims must be dismissed, with prejudice, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.
- As a separate and independent basis for dismissal, Plaintiffs' claims alleged

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 1050
Los Angeles, California 90067-6036
Telephone: (310) 557-2030

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 1050
Los Angeles, California 90067-6036
Telephone: (310) 557-2030

against Lufthansa arise from an incident in which Plaintiffs' marital status was allegedly disclosed to the Saudi Arabian government in Riyadh, Saudi Arabia, and thus the presumption against the extraterritorial application of U.S. and California law applies. Plaintiffs' claims alleged against Lufthansa cannot be adjudicated by U.S. courts. *EEOC v. Arabian American Oil Co.*, 499 U.S. 244, 248, 111 S.Ct. 1227, 113 L.Ed.2d 274 (1991) (Aramco ); *Benz v. Compania Naviera Hidalgo, S.A.*, 353 U.S. 138, 147, 77 S.Ct. 699, 1 L.Ed.2d 709 (1957); *Sullivan v. Oracle Corp.*, 51 Cal. 4th 1191, 1207, 254 P.3d 237, 248 (2011). Accordingly, Plaintiffs' claims must be dismissed, with prejudice, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

- As a separate and independent basis for dismissal, Plaintiffs have alleged no facts that would support a plausible claim for relief against Lufthansa under California law so as to satisfy the pleading standard articulated by the United States Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007) and *Ashcroft v. Iqbal*, 556 US 662, 681 (2009). Accordingly, Lufthansa is entitled to judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

Plaintiff's claims against Deutsche Lufthansa Aktiengesellschaft are, therefore, dismissed with prejudice.

**IT IS SO ORDERED.**

DATED: ___________

_______________________________
Honorable Susan Illston
United States District Court Judge