FILED

JUN 9 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOHN DOE; ROBERT ROE, | No. 24-2829 |
| Plaintiffs - Appellants, | D.C. No. 3:23-cv-04413-SI |
| v. | |
| DEUTSCHE LUFTHANSA AKTIENGESELLSCHAFT; LUFTHANSA GROUP BUSINESS SERVICES NEW YORK LLC, | ORDER |
| Defendants - Appellees. | |

Before: S.R. THOMAS, W. FLETCHER, and M. SMITH, Circuit Judges.

This appeal is remanded to the district court, for the limited purpose of determining whether there is diversity jurisdiction.

I

This case was originally filed in state court. The defendants, Deutsche Lufthansa Aktiengesellschaft ("Lufthansa") and Lufthansa Group Business Services New York LLC ("LGBS"), removed to federal court, based in part on diversity jurisdiction. The removal notice alleged that LGBS has a sole member, a German individual. On appeal, Lufthansa, the only defendant participating in briefing and argument, repeated that assertion.

After this court ordered supplemental briefing on subject matter jurisdiction, Lufthansa and LGBS moved to supplement the record. Docket No. 48. Their new allegations contradict the notice of removal: they now assert that LGBS has a sole member that is a company headquartered in Oklahoma and incorporated in Delaware. *Id.* at 3. Although there is a mechanism for correcting "[d]efective allegations of jurisdiction" in the notice of removal, 28 U.S.C. § 1653, Lufthansa and LGBS have not sought that. So the record still contains Lufthansa's contradictory assertion in the notice of removal.

That contradiction is consequential for diversity jurisdiction. Plaintiffs are Doe, a Californian citizen, and Roe, a foreign national. Defendants are Lufthansa, a foreign national, and LGBS, an LLC, whose citizenship follows that of its members. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). If the new allegations about LGBS are credited, then there is diversity under 28 U.S.C. § 1332(a)(3), because it is between citizens of different states (Doe and LGBS), with foreign nationals (Roe and Lufthansa) as additional parties. But if the notice of removal is credited, then there is no diversity, because there are foreign nationals on both sides without any dispute between citizens of different states. *See Nike, Inc. v. Comercial Iberica de Exclusivas Deportivas, S.A.*, 20 F.3d 987, 991 (9th Cir. 1994) (when a foreign plaintiff sues only foreign defendants, the

presence of a citizen plaintiff "does not salvage jurisdiction because diversity must be complete"); *see also Voltage Pictures, LLC v. Gussi, S.A. de C.V.*, 92 F.4th 815, 822 (9th Cir.), *cert. denied*, 145 S. Ct. 158 (2024).

This contradiction creates a question of fact, which is properly addressed to the district court. *See Regino v. Staley*, 133 F.4th 951, 964 (9th Cir. 2025) ("As a federal court of appeals, we must always be mindful that 'we are a court of review, not first view.'" (quoting *Shirk v. U.S. ex rel. Dep't of Interior*, 773 F.3d 999, 1007 (9th Cir. 2014))).

II

On the limited remand, the district court shall determine whether there is diversity jurisdiction, which necessarily involves deciding whether Lufthansa and LGBS may amend their notice of removal. The district court has discretion to allow or deny amendment. *See* 28 U.S.C. § 1653 (amendment is permitted "upon terms"); *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 908 (9th Cir. 2011) (courts have "discretion under 28 U.S.C. § 1653"). The panel will retain all further questions for this appeal.

**IT IS SO ORDERED.**