1   Ivy L. Nowinski (State Bar No.: 268564)
    Email: inowinski@condonlaw.com
2   CONDON & FORSYTH LLP
    1901 Avenue of the Stars, Suite 1050
3   Los Angeles, California 90067-6036
    Telephone: (310) 557-2030
4   Facsimile:  (310) 557-1299

5

6   Attorneys for Defendants
    DEUTSCHE LUFTHANSA AKTIENGESELLSCHAFT and
    LUFTHANSA GROUP BUSINESS SERVICES NEW YORK LLC
7

8   Donald J. Putterman (State Bar No.: 90822)
    Email: dputterman@plylaw.com
    Dannielle M. Campbell (State Bar No.: 303204)
9   PUTTERMAN YU WANG LLP
    345 California Street, Suite 1160
10  San Francisco, California 94104
    Telephone: (415) 839-8779
11  Facsimile:  (415) 737-1363

12  Attorneys for Plaintiffs
    JOHN DOE and ROBERT ROE

13                     UNITED STATES DISTRICT COURT

14                    NORTHERN DISTRICT OF CALIFORNIA

15

16

17  JOHN DOE, an individual; ROBERT ROE, an    )   Case No. 3:23-cv-04413-SI
    individual,                                )
                                               )   **JOINT STATUS REPORT**
18                  Plaintiffs,                )
                                               )
19          vs.                                )   Date:    July 11, 2025
                                               )   Time:    3:00 p.m.
20  DEUTSCHE LUFTHANSA                         )   Place:   Courtroom 1 – 17th
    AKTIENGESELLSCHAFT, a German               )            Floor (via Zoom)
21  corporation; LUFTHANSA GROUP               )
    BUSINESS SERVICES NEW YORK LLC, a          )
22  Delaware limited liability company; and DOES )
    1-10, inclusive,                           )
23                                             )
                                               )
24                  Defendants.                )
                                               )
25

26          Pursuant to the Clerk's Notice Setting Status Conference (ECF No. 44), defendants

27  Deutsche Lufthansa Aktiengesellschaft ("Lufthansa") and Lufthansa Group Business Services

28  New York LLC ("LGBS"), and plaintiffs John Doe and Robert Roe ("Plaintiffs"), by and

    through their respective attorneys of records, Condon & Forsyth LLP and Putterman Yu Wang

1  LLP, hereby respectfully submit this joint status report as follows:

2  **JOINT PROCEDURAL HISTORY AND BACKGROUND**

3       This action was originally filed in the San Francisco Superior Court on July 14, 2023.

4  ECF No. 1-1 (Complaint).  Lufthansa and LGBS removed this action to the United States

5  District Court for the Northern District of California on August 25, 2023, invoking both diversity

6  jurisdiction and federal question jurisdiction based upon the application of the Montreal

7  Convention to their claims.  ECF No. 1 (Notice of Removal).

8       In the Notice of Removal, in support of allegations of diversity jurisdiction, Lufthansa

9  and LGBS alleged that the sole member of LGBS, a limited liability company, was an individual,

10 Paul Majeran, a citizen of Germany and a resident of the State of New York.  *Id.* at ¶ 9.

11      The issue of the subject matter jurisdiction of the federal courts to adjudicate this action

12 was not discussed by either the parties or the Court during proceedings before this Court.   This

13 Court dismissed Plaintiffs' lawsuit for lack of personal jurisdiction on March 29, 2024.  ECF No.

14 37.  Plaintiffs appealed.  Following  briefing in the Ninth Circuit solely on the issue of personal

15 jurisdiction, and during the last few moments of oral argument, the Ninth Circuit raised the issue

16 of its subject matter jurisdiction to adjudicate the appeal.  The Ninth Circuit thereafter ordered

17 supplemental briefing on the issue of its subject matter jurisdiction.  Appellate Docket ("App.

18 Dkt.") 43.1 (May 14, 2025 Order).

19      In response to the Ninth Circuit's request for supplemental briefing on the issue of

20 subject matter jurisdiction, Lufthansa and LGBS conducted further investigation into the

21 citizenship of Mr. Majeran and LGBS, originally for the purpose of clarifying whether Mr.

22 Majeran was a United States lawful permanent resident.  In the course of investigating this issue,

23 Lufthansa and LGBS located an Amended Limited Liability Company Agreement for LGBS that

24 altered the membership of LGBS effective as of 2019.  Lufthansa and LGBS submitted the

25 Declaration of James Stevens, attached hereto as Exhibit 1, to rectify the error and support its

*Left margin vertical text:* CONDON & FORSYTH LLP / 1901 Avenue of the Stars, Suite 1050 / Los Angeles, California 90067-6036 / Telephone: (310) 557-2030

1    request for the Ninth Circuit to cure the defective allegations in the Notice of Removal.  App.

2    Dkt. 48.1 (Motion to Supplement Record of Lufthansa and LGBS), pp. 13-16/38.

3        As set forth in the Declaration of James Stevens, the 2019 Amended Limited Liability

4    Company Agreement states that as of September 3, 2019, the sole member of LGBS was

5    Lufthansa Technik North America Holding, Corp.  *Id.* at ¶ 8.  Lufthansa Technik North America

6    Holding Corp. is a corporation organized and existing under the laws of Delaware with its

7    principal place of business in Oklahoma.  *Id.* at ¶ 13.  Accordingly, the citizenship of LGBS was

8    erroneously pled in the Notice of Removal filed by Lufthansa and LGBS on August 25, 2023.

9        In response to receipt of the Declaration of James Stevens, the Ninth Circuit issued an

10   Order of limited remand for this Court to determine whether diversity jurisdiction exists, noting

11   that 28 U.S.C. § 1653 permits the amendment of pleadings to show jurisdiction.  The Ninth

12   Circuit's Order states in pertinent part as follows: "This appeal is remanded to the district court,

13   for the limited purpose of determining whether there is diversity jurisdiction. . . . On the limited

14   remand, the district court shall determine whether there is diversity jurisdiction, which

15   necessarily involves deciding whether Lufthansa and LGBS may amend their notice of removal.

16   The district court has discretion to allow or deny amendment. See 28 U.S.C. § 1653 (amendment

17   is permitted "upon terms"); *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 908 (9th Cir. 2011)

18   (courts have "discretion under 28 U.S.C. § 1653"). The panel will retain all further questions for

19   this appeal. IT IS SO ORDERED."  App. Dkt. 53.1 (June 9, 2025 Order).

20   **I.        Lufthansa and LGBS's Position Regarding Diversity Jurisdiction:**

21        Lufthansa and LGBS respectfully request leave of the Court to amend their Notice of

22   Removal pursuant to 28 U.S.C. § 1653 to properly plead the citizenship of LGBS's sole member

23   in order to correct its prior error in the pleadings.  Diversity jurisdiction existed at the time of

24   filing and at the time of removal pursuant to 28 U.S.C. § 1332(a)(3) because this is a lawsuit in

25   which the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs,

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 1050
Los Angeles, California 90067-6036
Telephone: (310) 557-2030

between "citizens of different States and in which citizens or subjects of a foreign state are additional parties."

The diversity jurisdiction statute, codified at 28 U.S.C. § 1332, provides in pertinent part:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—
>
> (1)    citizens of different States;
>
> (2) citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State;
>
> (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
>
> (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

28 U.S.C. § 1332(a)(1)-(4).

The diversity statute further prover provides that "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."  28 U.S.C. § 1332(c).

A limited liability company is a citizen of every state of which its members are citizens, not the state in which it was formed or does business.  *Voltage Pictures, LLC v. Gussi, S.A. de C.V.*, 92 F.4th 815, 822 (9th Cir. 2024); *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894 (9th Cir. 2006).

The existence of diversity jurisdiction is determined at the time of filing, and not at the time of appeal, and cannot be cured by later dismissing a diversity-destroying defendant to create diversity.  *Newman–Green, Inc. v. Alfonzo–Larrain*, 490 U.S. 826, 831 (1989); *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 571 (2004) ("all challenges to subject-matter jurisdiction premised upon diversity of citizenship against the state of facts that existed at the time of filing— whether the challenge be brought shortly after filing, after the trial, or even for the first time on appeal.").  Accordingly, this Court should determine the existence of diversity jurisdiction at the

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 1050
Los Angeles, California 90067-6036
Telephone: (310) 557-2030

time of filing, and not based on Plaintiffs' failure to pursue their appeal of the District Court's decision as to LGBS, as urged by Plaintiffs in their filings in the Ninth Circuit Court of Appeals. *Id.*

This action was originally filed in the San Francisco Superior Court on July 14, 2023, and Lufthansa and LGBS invoked federal diversity jurisdiction for the first time when they removed this action to the United States District Court for the Northern District of California on August 25, 2023. ECF No. 1, 1-1 (Notice of Removal and Complaint). As set forth below, at the time of filing, all requirements of 28 U.S.C. § 1332(a)(3) were met and this Court has subject matter jurisdiction pursuant to the diversity statute.

**A.    *The Amount in Controversy Requirement of 28 U.S.C. § 1332(a) Is Satisfied because Plaintiffs Have Pled that their Damages Exceed $300,000.***

Plaintiffs alleged in their Complaint that the amount in controversy is greater than $75,000 in that they have pled that their damages exceed $300,000. ECF No. 1-1, ¶ 49(e). Accordingly, the amount in controversy meets the requirements of 28 U.S.C. § 1332(a) for the exercise of diversity jurisdiction.

**B.    *Diversity Jurisdiction Exists under 28 U.S.C. § 1332(a)(3) because Diversity of Citizenship Exists between Plaintiff John Doe, a Citizen of the State of California, and LGBS, a Citizen of the States of Delaware and Oklahoma.***

The remaining requirements for the exercise of diversity jurisdiction under 28 U.S.C. § 1332(a)(3) are satisfied here because at the time of filing, Plaintiff John Doe was a citizen of the State of California, Defendant LGBS was a citizen of the States of Delaware and Oklahoma, and citizens of foreign states (Lufthansa and Robert Roe) were additional parties.

**Citizenship of Plaintiffs:**

Plaintiffs allege in their Complaint, filed on July 14, 2023, that John Doe is a U.S. citizen domiciled in the State of California. ECF No. 1-1, ¶ 6. Accordingly, John Doe was a citizen of the State of California at the time of filing.

Plaintiffs allege in their Complaint that as of July 14, 2023, Robert Roe was a citizen of Saudi Arabia. *Id.* at ¶ 5. Plaintiffs further allege that as of January 2023, Robert Roe was a

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 1050
Los Angeles, California 90067-6036
Telephone: (310) 557-2030

1  lawful permanent resident of the United States in possession of a green card.  *Id.* at ¶ 44.

2  Plaintiffs also allege in their Complaint that Robert Roe can never return to Saudi Arabia and

3  that he is actively pursuing United States citizenship and is thus domiciled in the State of

4  California.  *Id.* at ¶¶ 45-48.  Congress has amended the diversity statute to address the issue of

5  the citizenship of lawful permanent residents multiple times, but the current state of the law

6  appears to be that lawful permanent residents are considered aliens for the purposes of diversity

7  jurisdiction.  *Tagger v. Strauss Grp. Ltd.*, 951 F.3d 124, 126 (2d Cir. 2020) (lawful permanent

8  resident is an alien for diversity jurisdiction purposes); *Guan v. Bi*, No. 13-CV-05537-WHO,

9  2014 WL 953757, at *6 (N.D. Cal. Mar. 6, 2014) (same); *but see also Windward Bora LLC v.*

10 *Browne*, 110 F.4th 120, 128 (2d Cir. 2024) (lawful permanent resident citizen of Florida for

11 purpose of determining citizenship of a limited liability company).

12      The accurate determination of Robert Roe's citizenship as a lawful permanent resident

13 under the applicable caselaw would have been key to determining the existence of diversity

14 jurisdiction had it not been discovered that LGBS was a citizen of Delaware and Oklahoma at the

15 time of filing.  Following the discovery of this information, however, it does not matter whether

16 Robert Roe is considered a citizen of the State of California or a citizen of a foreign state, as

17 complete diversity still existed between all plaintiffs and all defendants pursuant to 28 U.S.C. §

18 1332(a)(3).

19 **Citizenship of Defendants:**

20      Lufthansa is now, and at the time of filing was, a corporation organized and existing

21 under the laws of Germany with its principal place of business in Germany.  ECF No. 1, ¶ 7.

22 Accordingly, Lufthansa is a citizen of Germany pursuant to 28 U.S.C. § 1332(c).

23      At the time of filing, LGBS was a limited liability company organized and existing under

24 the laws of the State of Delaware, with its principal place of business in New York.  App. Dkt.

25 38.1, p.14/38, ¶ 7.  At the time the Complaint was filed and at the time this action was removed,

26 LGBS had a sole member, Lufthansa Technik North America Holding, Corp.  *Id.* at, ¶ 8, 9,

27 Exhibit A.

28      The sole member of LGBS, Lufthansa Technik North America Holding, Corp., is a

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 1050
Los Angeles, California 90067-6036
Telephone: (310) 557-2030

corporation organized and existing under the laws of Delaware, with its principal place of business in Tulsa, Oklahoma. *Id.* at ¶ 13, 14, Exhibits A, B.

Accordingly, both Lufthansa Technik North America Holding, Corp. and LGBS are citizens of the State of Delaware and the State of Oklahoma for diversity purposes. *Voltage Pictures, LLC,* 92 F.4th 815 at 822 (a limited liability company has the same citizenship as its members); 28 U.S.C. § 1332(c) (a corporation shall be deemed a citizen of every State by which it has been incorporated or where it has its principal place of business).

Therefore, diversity jurisdiction exists pursuant to 28 U.S.C. § 1332(a)(3) because this is an action in which greater than $75,000 is at issue, between "citizens of different States and in which citizens or subjects of a foreign state are additional parties." On the Plaintiffs' side, John Doe is a citizen of the State of California. On the Defendants' side, LGBS is a citizen of the States of Delaware and Oklahoma. Subjects of a foreign state, Robert Roe (Saudi Arabia) and Lufthansa (Germany), are additional parties on both the Plaintiffs' and Defendants' sides.

Accordingly, this Court has subject matter jurisdiction over this appeal pursuant to 28 U.S.C. § 1332.

### C.    Lufthansa and LGBS Respectfully Request Leave of Court to Correct the Erroneous Allegations in Its Notice of Removal Pursuant to 28 U.S.C. § 1653.

28 U.S.C. § 1653 provides that "Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." District courts have discretion to permit amendments that correct allegations already present in the notice of removal. *See Newman–Green, Inc. v. Alfonzo–Larrain*, 490 U.S. 826, 831 (1989) (noting that § 1653 permits correction of "incorrect statements about jurisdiction that actually exists," but does not permit parties to create jurisdiction through later amendment of pleadings to drop a party whose presence destroys diversity). The Supreme Court has upheld removal where jurisdictional facts required to support the removal were found in later-filed affidavits rather than in the notice of removal. *Willingham v. Morgan*, 395 U.S. 402, 407 n. 3 (1969) ("This material should have appeared in the petition for removal. However, for purposes of this review it is proper to treat the removal petition as if it had been amended to include the relevant information contained in the later-filed affidavits. *See*

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 1050
Los Angeles, California 90067-6036
Telephone: (310) 557-2030

28 U.S.C. § 1653."). Other courts more recently have allowed consideration of facts contained in later-filed affidavits, treating those facts as an amendment of the notice of removal under § 1653. *See, e.g., Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 n. 1 (9th Cir. 2002); *USX Corp. v. Adriatic Ins. Co.*, 345 F.3d 190, 206 (3d Cir. 2003). As the Ninth Circuit noted "we see little value in vacating the district court's judgment and remanding this case for dismissal. We therefore exercise our discretion under 28 U.S.C. § 1653 to deem the complaint's defective allegations of jurisdiction amended and the jurisdictional defect cured . . .". *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 908 (9th Cir. 2011).

Here, jurisdictional facts supporting the exercise of diversity jurisdiction existed at the time of filing and at the time of removal, but were not discovered by Lufthansa and LGBS until this issue was raised by the Ninth Circuit Court of Appeals. A failure to permit Lufthansa and LGBS to cure the defective allegation in its Notice of Removal, where this Court has already ruled that it lacks personal jurisdiction and dismissed the lawsuit, would result in a potential waste of judicial resources, should the Ninth Circuit determine that the federal courts also do not have federal question jurisdiction to adjudicate Plaintiffs' claims. Accordingly, Lufthansa and LGBS respectfully request leave of Court to amend the defective allegations in the Notice of Removal pursuant to 28 U.S.C. § 1653, either in response to this Joint Status Report, or by way of a separate motion if the Court determines that further briefing is required.

In response to Plaintiffs' request for the Court to remand this action to the California Superior Court and for sanctions, below, Lufthansa and LGBS respectfully point out that the case is before this Court on limited remand to determine the issue of diversity jurisdiction, only. The Ninth Circuit has retained the case for all other purposes, and if diversity jurisdiction does not exist, the Ninth Circuit will be faced with making a determination as to whether this Court has federal question jurisdiction based upon the preemptive effect of the Montreal Convention, a treaty of the United States, an issue that has been debated in the United States District Courts but which is an issue of first impression in the Ninth Circuit. The Ninth Circuit may also elect to decide the issue of personal jurisdiction prior to deciding the issue of its subject matter jurisdiction pursuant to United States Supreme Court precedent permitting it to do so. *Ruhrgas*

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 1050
Los Angeles, California 90067-6036
Telephone: (310) 557-2030

1  *AG v. Marathon Oil Co.*, 526 U.S. 574, 575 (1999).  Plaintiffs' request for remand and the

2  imposition of sanctions is therefore improper.

3      Lufthansa and LGBS also object to Plaintiffs' request for a deposition of Ms. Nowinski,

4  counsel of record, which is also plainly improper here.  Lufthansa and LGBS further object to

5  Plaintiffs' request for a deposition of James Stevens.  Mr. Stevens has submitted a declaration

6  under penalty of perjury explaining why the initial Notice of Removal contained an inadvertent

7  error, setting forth the circumstances under which the error was discovered.  The Notice of

8  Removal filed by Lufthansa and LGBS was required to be filed on a tight timeline, just days

9  after counsel in this matter were instructed.  Although the error is regrettable, Lufthansa and

10  LGBS have taken all appropriate steps to rectify the error.  Should the Court require further

11  information on any subject pertaining to the initial error in the Notice of Removal filed by

12  Lufthansa and LGBS, Mr. Stevens or another appropriate witness will provide sworn

13  declarations to satisfy any inquiry the Court may wish to make.

14  **II.      Plaintiffs' Position Regarding Diversity Jurisdiction:**

15      The District Court did not and currently does not have subject matter jurisdiction over

16  this matter.  As the Ninth Circuit pointed out in its Order of Partial Remand, which (typically)

17  defendants only selectively quote), defendants "new allegations contradict the notice of removal:

18  they now assert that LGBS has a sole member that is a company headquartered in Oklahoma and

19  incorporated in Delaware.  *Id* at 3.  Although there is a mechanism for correcting '[d]effective

20  allegations of jurisdiction; in the notice of removal, 28 U.S.C. § 1653, Lufthansa and LGBS have

21  not sought that.  *So the record still contains Lufthansa's contradictory assertion in the notice of*

22  *removal.*" Dkt. 53.1, p.2. Emphasis added.

23      In other words, the record currently continues to show, as it has since removal, that the

24  Plaintiffs include a California citizen and a foreign citizen, and the defendants included a foreign

25  corporation (Lufthansa) and an LLC, the only member of which also is a foreign citizen.  Thus,

26  as the Ninth Circuit continued to carefully explain, there was no diversity jurisdiction at the time

27  the case was removed:  "That contradiction is consequential for diversity jurisdiction.  Plaintiffs

28  are Doe, a Californian citizen, and Roe, a foreign national.  Defendants are Lufthansa, a foreign

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 1050
Los Angeles, California 90067-6036
Telephone: (310) 557-2030

1    national, and LGBS, and LLC, whose citizenship follows that of its members. [citation omitted.]

2    If the new allegations about LGBS are credited, then there is diversity under 28 U.S.C. §

3    1332(a)(3), because it is between citizens of different states (Doe and LGBS) with foreign

4    nationals (Roe and Lufthansa)as additional parties.  *But if the notice of removal is credited, then*

5    *there is no diversity, because there are foreign nationals on both sides without any dispute*

6    *between citizens of different states. See Nike, Inc. v. Comercial Iberica de Exclusivas Deportivas,*

7    *S.A.*, 20 F.3d 987, 991 (9th Cir. 1994) (when a foreign plaintiff sues only foreign defendants, the

8    presence of a citizen plaintiff "does not salvage jurisdiction because diversity must be

9    complete"); *see also Voltage Pictures, LLC v. Gassi, S.. de C.V.,* 92 F.4[th] 815, 822 (9th Cir.),

10   *cert.denied,* 145 S. Ct. 158 (2024). . . . This contradiction creates a question of fact, which is

11   properly addressed to the district court." Dkt. 53.1, pp. 2-3. Emphasis added.  The Ninth Circuit

12   concluded by stating:  "On the limited remand, the district court shall determine whether there is

13   diversity jurisdiction, which necessarily involves decided whether Lufthansa and LGBS may

14   amend their notice of removal.  The district court has discretion to allow or deny amendment."

15   *Ibid.*

16        Plaintiffs respectfully submit that this Court should deny defendant's much-belated and

17   untimely request to amend, including for very good cause.  First, we emphasize that this case has

18   proceeded for almost two years, when it should have been remanded at the start, including on the

19   Court's own motion.  Second, and reflecting the good cause for the Court now not permitting

20   amendment, this situation has arisen because of defendant's counsel egregious violation of

21   Federal Rules of Civil Procedure, Rule 11, now accompanied by a failure to explain how this

22   error occurred and, indeed, even the source of the allegedly defective information – a remarkable

23   failure of diligence particularly given that the defendants are not mom-and-pop groceries but

24   major corporations having an in-house counsel who has submitted multiple declarations in this

25   case.

26        In Dkt. 1, **Defendants' Notice of Removal of Civil Action Pursuant to 28 U.S.C. §**

27   **1441 On the Grounds of Diversity of Citizenship, Etc.,** at ¶¶ 8-9, Defendants stated that LGBS

28   now and at all times relevant to the action was a Delaware limited liability company, and that

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 1050
Los Angeles, California 90067-6036
Telephone: (310) 557-2030

1   "[t]he sold member of Lufthansa Group Business Services New York LLC is Paul Majeran, a

2   resident of the State of New York and a citizen of Germany."  This document was signed by

3   counsel for defendants.  Docket 3, Defendants' **Disclosure Statement of Deutsche Lufthansa**

4   **Aktiensellschaft and Lufthansa Group Business Services New York LLC Pursuant To**

5   **Federal Rule of Civil Procedure 7.1,** is a representation to the entire District Court for the

6   Northern District of California, and made the same false statement in Paragraph 2, to wit, that

7   LGBS "is a Delaware limited liability company and that its sole member is Paul Majeran, a

8   resident of New York and citizen of Germany."  This too was signed by counsel for defendants.

9   And, as noted by the Ninth Circuit, on page 1 of its ORDER (Dkt. 53.1), "[o]n appeal, Lufthansa,

10  the only defendant participating in briefing and argument, repeated that assertion."

11          Yet apparently for the very first time, according to counsel's own Declaration

12  accompanying defendants' motion to the Ninth Circuit to the supplement the record – *after* the

13  Ninth Circuit raised the issue of subject-matter jurisdiction – did either defendants' counsel of

14  record and, for that matter, defendants' in-house counsel, James Stevens, bestir themselves to

15  "conduct[ing] further investigation into the citizenship of LGBS . . . ."  Declaration of Ivy

16  Nowinski, Dkt. 48., ⁋ 7.  No explanation whatever is included in either Ms Nowinski's

17  Declaration, nor in Mr. Stevens' attached Declaration, as to how this error occurred and showing

18  good cause for everybody's prior lack of diligence.  *What could be more fundamental for counsel*

19  *of record than knowing your client for purposes of removal and disclosures to federal court?*

20  Nor is there any explanation of where the information concerning Mr. Majeran even originated

21  from, such as another document; so far as this Court is concerned, that information might as well

22  have been delivered by the stork.  But what truly beggars belief is that Mr. Stevens here declares

23  under penalty of perjury that he is "legal counsel for the Lufthansa Group and have access to all

24  documents relating to the formation, ownership and business operations of all business entities

25  with the Lufthansa Group. . . . I have access to all documents relating to the formation,

26  ownership and business operations of LGBS."  Stevens Decl., Dkt. 48.1, ⁋⁋ 4, 6.  Nor does Mr.

27  Stevens have the excuse of a late arrival on the scene.  On November 17, 2023, defendants

28  submitted an earlier declaration by Mr. Stevens in support of their Motions to Dismiss.  Among

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 1050
Los Angeles, California 90067-6036
Telephone: (310) 557-2030

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 1050
Los Angeles, California 90067-6036
Telephone: (310) 557-2030

1   other things, in that declaration Mr. Stevens described himself as being Lufthansa Group Legal

2   Counsel and, as such, "am fully familiar with the operations of both Lufthansa and LGBS in the

3   United States . . .. Stevens November 17, 2023 Declaration, Dkt. 17.1, ¶ 4.  He thereafter, in ¶¶

4   28-42, purports to offer a comprehensive knowledge of LGBS in support of the Motions to

5   Dismiss.  Again, however, no explanation of how the present error supposedly occurred,

6   especially given Mr. Stevens' ostensibly comprehensive knowledge of and access to LGBS

7   formation documents; interestingly, Mr. Stevens' present declaration does state, briefly, that

8   "Paul Majeran has not been a member of LGBS since September 3, 2019." *Id.* ¶ 10.  This is

9   simply evasive; moreover, to the extent it is based upon some sort of documentary evidence that

10  Mr. Majeran previously was a member of LGBS, it violates the best evidence rule.  But it also

11  does not actually say that Mr. Majeran had anything to do with LGBS prior to September 3,

12  2019, which Mr. Stevens easily could have said and explained, nor does it excuse Mr. Stevens

13  own lack of diligence as presumably the source of information to counsel of record.  There

14  should at least have been a document supporting that information. [1]

15      Plaintiffs respectfully submit that Defendants' Motion to Supplement/Amend the Record

16  be denied, and this case be remanded to the Superior Court of the State of California for further

17  proceedings, and award sanctions and costs against defendants and their counsel.[2]

18      I hereby attest that concurrence in the filing of the Joint Status Report has been obtained

19  from the other Signatories.

20

21

22

23

24

25

26  [1] Should the Court for some reason feel it does not have sufficient information to
    rule on this issue, Plaintiffs' request that they be authorized to take limited video
27  depositions of Ms. Nowinsky and Mr. Stevens.
    [2] We respectfully note that this Court, in its original Opinion granting Motions to
28  Dismiss for lack of jurisdiction, denied defendants' Motions to Dismiss based upon
    the Montreal Convention – and that defendants did not Cross-Appeal from that
    determination.

1   Dated: July 3, 2025                    CONDON & FORSYTH LLP

2

3                                          By:  /s/ Ivy L. Nowinski

4                                               IVY L. NOWINSKI

5                                               - and -

6                                               ANTHONY BATTISTA
                                                (*Pro Hac Vice* Application to be Filed)
7                                               Email: abattista@condonlaw.com
                                                CONDON & FORSYTH LLP
8                                               7 Times Square
                                                New York, New York 10036
9                                               Telephone: (212) 490-9100
                                                Facsimile:  (212) 370-4453
10

11                                              Attorneys for Defendants
                                                DEUTSCHE LUFTHANSA
12                                              AKTIENGESELLSCHAFT and
                                                LUFTHANSA GROUP BUSINESS
13                                              SERVICES NEW YORK LLC

14  Dated: July 3, 2025                    PUTTERMAN YU WANG LLP

15

16                                         By:  /s/ Donald J. Putterman

17                                              DONALD J. PUTTERMAN
                                                DANNIELLE M. CAMPBELL
18                                              Attorneys for Plaintiffs
                                                JOHN DOE and ROBERT ROE

19

20

21

22

23

24

25

26

27

28

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 1050
Los Angeles, California 90067-6036
Telephone:  (310) 557-2030