DONALD J. PUTTERMAN (SBN 90822)
DANNIELLE M. CAMPBELL (SBN 303204)
PUTTERMAN | YU | WANG LLP
345 California Street, Suite 1160
San Francisco, CA 94104
E-mail: dputterman@plylaw.com
          dcampbell@plylaw.com

Attorneys for Plaintiffs
JOHN DOE and ROBERT ROE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE, an individual; ROBERT ROE, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>DEUTSCHE LUFTHANSA AKTIENGESELLSCHAFT, a German corporation; LUFTHANSA GROUP BUSINESS SERVICES NEW YORK LLC, a Delaware limited liability company; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.: 3:23-CV-04413-SI<br><br>**OPPOSITION TO MOTION FOR LEAVE TO AMEND NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. § 1653 (DKT. NO. 48)**<br><br>Honorable Susan Illston Presiding<br><br>Date:      August 29, 2025<br>Time:      10:00 a.m.<br>Location:  Courtroom 1 – 17th Floor<br><br>Complaint Filed: July 14, 2023<br>Removal Filed:   August 25, 2023<br>Trial Date:      None Set |

**Table of Contents**

I.   INTRODUCTION AND SUMMARY OF ARGUMENT ............................................................. 4

II.  ALTHOUGH THE STANDARD OF REVIEW FOR A 28 USC § 1653 IS 'ABUSE OF DISCRETION,' THE PARAMETERS OF THE COURT'S DISCRETION HERE ARE GOVERNED BY THE SPECIFIC CONTEXT OF A REMOVAL PETITION ............................ 6

III. BECAUSE LUFTHANSA SEEKS TO REPLACE SUBSTANTIVE FACTS WITH CONTRADICTORY SUBSTANTIVE FACTS, IT MAY NOT AMEND ITS REMOVAL PETITION .................................................................................................................. 8

IV.  THE AMENDED AND RESTATED AGREEMENT HAS NOT BEEN PROPERLY AUTHENTICATED AND THEREFORE CANNOT BE THE BASIS FOR LUFTHANSA'S MOTION TO AMEND THE REMOVAL PETITION. PLAINTIFFS OBJECT TO ANY ADMISSION OR CONSIDERATION OF THE AGREEMENT ................. 8

V.   CONCLUSION ........................................................................................................................ 13

# Table of Authorities

Cases

*Bradford v. Mitchell Bros. Truck Lines,*
  217 F. Supp. 523 (N.D. Cal. 1963) ................................................................................ 6, 7, 8

*Gaus v. Miles, Inc.*,
  980 F.2d 564 (9th Cir. 1992) ................................................................................................. 6

*Kanter v. Warner-Lambert Co.,*
  265 F.3d 853 (9th Cir. 2001) ................................................................................................. 6

*Nike, Inc. v. Comercial Iberica de Exclusivas Deportivas, S.A.,*
  20 F.3d 987 (9th Cir. 1994) ................................................................................................... 4

*Rohr v. Target Corp.,*
  2009 WL 10672156 ............................................................................................................... 8

*Voltage Pictures, LLC v. Gassi, S.. de C.V.,*
  92 F.4th 815 (9th Cir.) ........................................................................................................... 5

*Washington v. Mercedes-Benz, USA, LLC*,
  2020 WL 2991537 ................................................................................................................. 6

*White v. Hub International Limited*,
  2025 WL 1174216 .............................................................................................................. 6, 8

*Winters Government Securities Corp. v. Cedar Point State Bank*,
  446 F. Supp. 1123 (S.D. Florida 1978) .................................................................................. 7

Statutes

28 U.S.C. § 1332(a)(3) ................................................................................................................ 4

28 U.S.C. § 1441 ......................................................................................................................... 8

28 U.S.C. § 1653 .................................................................................................................. passim

Rules

Fed. R. Evid., Rule 901 ......................................................................................................... 6, 13

Fed. R. Civ. Proc., Rule 7.1 ........................................................................................................ 9

3   CASE NO. 3:23-CV-04413-SI
OPPOSITION TO MOTION FOR LEAVE TO AMEND NOTICE OF REMOVAL

I.       INTRODUCTION AND SUMMARY OF ARGUMENT

Plaintiffs respectfully submit this Opposition to Lufthansa's Motion to Amend its Petition for Removal.

This motion is the result of questions raised by the Ninth Circuit concerning whether Lufthansa had properly removed this case on the ground of diversity jurisdiction. Because Lufthansa's Petition for Removal had alleged that the sole member of LGBS, a Delaware limited liability company, was a German citizen, diversity apparently was destroyed because both defendants and one plaintiff were foreign citizens. After the Ninth Circuit requested further briefing, Lufthansa scrambled to allege new and different substantive jurisdictional facts, which it argued could be accepted by the Ninth Circuit as minor technical, and formal corrections to its removal petition via a purported Motion to Supplement the Record on Appeal. This effort was unsuccessful. Because Lufthansa had not pursued a statutory 28 USC § 1653 Motion to Amend, the Court of Appeals held that the record now contained two squarely contradictory sets of *substantive* facts concerning LGBS' citizenship, which had to be resolved by this Court through a motion to amend.

Specifically, the Court of Appeals stated that defendants' "new allegations *contradict* the notice of removal: they now assert that LGBS has a sole member that is a company headquartered in Oklahoma and incorporated in Delaware. *Id* at 3. Although there is a mechanism for correcting '[d]efective allegations of jurisdiction; in the notice of removal, 28 U.S.C. § 1653, Lufthansa and LGBS have not sought that. *So the record still contains Lufthansa's contradictory assertion in the notice of removal.*" App. Dkt. 53.1, p.2. Emphasis added. "That contradiction is consequential for diversity jurisdiction. Plaintiffs are Doe, a Californian citizen, and Roe, a foreign national. Defendants are Lufthansa, a foreign national, and LGBS, an LLC, whose citizenship follows that of its members. [citation omitted.] If the new allegations about LGBS are credited, then there is diversity under 28 U.S.C. § 1332(a)(3), because it is between citizens of different states (Doe and LGBS) with foreign nationals (Roe and Lufthansa) as additional parties. *But if the notice of removal is credited, then there is no diversity, because there are foreign nationals on both sides without any dispute between citizens of different states. See Nike, Inc. v. Comercial Iberica de Exclusivas Deportivas, S.A.*, 20 F.3d 987, 991 (9th Cir. 1994) (when a foreign plaintiff sues only foreign

defendants, the presence of a citizen plaintiff "does not salvage jurisdiction because diversity must be complete"); *see also Voltage Pictures, LLC v. Gassi, S.. de C.V.,* 92 F.4th 815, 822 (9th Cir.), *cert.denied*, 145 S. Ct. 158 (2024). . . . This contradiction creates a question of fact, which is properly addressed to the district court." Dkt. 53.1, pp. 2-3. Emphasis added. The Ninth Circuit concluded by stating: "On the limited remand, the district court shall determine whether there is diversity jurisdiction, which *necessarily involves deciding whether Lufthansa and LGBS may amend their notice of removal.* The district court has discretion to allow or deny amendment." *Ibid.* Emphasis added.

Lufthansa's motion must be denied. The right to remove is narrowly construed. The presumption is against removal, and strict compliance with the pleading requirements for establishing diversity jurisdiction, is mandatory. Although in other contexts, amendment pursuant to a Section 1653 motion is usually liberally granted, that is not the case when the motion is directed at a party's own petition for removal beyond the original thirty-day removal period during which free amendment is available. If the original petition for removal omitted required jurisdictional facts, offered qualified facts or pled them on information and belief, or now seeks to plead substantive facts inconsistent with the original jurisdictional allegations, amendment will not be permitted. Only technical errors of form, the correction of which is consistent with the jurisdictional facts already alleged, may be amended.

Here, there is no possibility of amendment; as suggested by the Ninth Circuit, Lufthansa previously made substantive factual jurisdictional statements of fact which demonstrated the absence of diversity jurisdiction. But now Lufthansa wants to contradict those previous factual allegations by making new and different substantive allegations to demonstrate the presence of diversity jurisdiction. This they may not do.

Further, as is discussed in more detail below, the so-called Amended and Restated Agreement on which Lufthansa relies for its new jurisdictional facts concerning LGBS lacks proper authentication sufficient to establish that it actually is what Lufthansa claims it is: an amended LLC Agreement identifying a new and different LLC member than the member previously identified in the

1  removal petition. It therefore is inadmissible pursuant to Federal R. Evid., Rule 901, and may not be

2  relied on to establish the jurisdictional facts Lufthansa is now propounding.

**II. ALTHOUGH THE STANDARD OF REVIEW FOR A 28 USC § 1653 IS 'ABUSE OF DISCRETION,' THE PARAMETERS OF THE COURT'S DISCRETION HERE ARE GOVERNED BY THE SPECIFIC CONTEXT OF A REMOVAL PETITION**

As the Court of Appeals stated, the standard of review for this Court's determination of Lufthansa's belated 28 U.S.C. § 1653 motion to amend its notice of removal is 'abuse of discretion.' But like any decision subject to an 'abuse of discretion' standard of review, the parameters of what does or does not constitute an 'abuse of discretion' depends on the context. Here, the key elements defining the scope of the Court's discretion are that Lufthansa is seeking to amend (a) its previously-filed *notice of removal*, in order to (b) state new *substantive jurisdictional facts* contradicting its original, and still extant in the record, *substantive jurisdictional facts*. This context precludes amendment, whether through a § 1653 motion or otherwise.

Removal jurisdiction is strictly construed, and the presumption is against removal. "'Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance' *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) . . . 'Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties,'" *quoting Kanter v. Warner-Lambert Co.,* 265 F.3d 853, 857 (9th Cir. 2001) *and Bradford v. Mitchell Bros. Truck Lines,* 217 F. Supp. 523, 527 (N.D. Cal. 1963). *White v. Hub International Limited*, 2025 WL 1174216 (Case No. EDCV 25-800 PA, C.D. Cal, decided April 23, 2025, Hon. Percy Anderson, USDJ) *1-2 (allegation of plaintiff's California residency, as opposed to domicile, insufficient for removal); *same, Washington v. Mercedes-Benz, USA, LLC*, 2020 WL 2991537 (Case No. CV 20-03133-CJC, C.D.Cal., decided June 3, 2020, Hon. Cormac J. Carney USDJ) *1-2 (Removing defendant could not allege plaintiff's citizenship on information and belief, even if it provided the basis for its information and belief allegations.)

Once the original thirty-day period for removal has expired (as is the case here), thereafter the removal petition "may be amended only to set forth more specifically grounds for removal which were imperfectly stated in the original petition. . . . An imperfect or defective allegation is distinguished from a missing allegation, which is not subject to amendment after thirty days. . . .

1  Therefore . . . the determinative issue becomes whether the jurisdictional allegations are missing or
2  imperfectly stated. If the latter, then the jurisdictional defect may be cured; if the former, the cause
3  must be remanded for lack of federal jurisdiction. *Winters Government Securities Corp. v. Cedar*
4  *Point State Bank*, 446 F. Supp. 1123, 1127 (S.D. Florida 1978). Significantly, *Winters* relies on this
5  District's *Bradford* case, *supra*, as the basis for denying the defendant's request for leave to amend its
6  removal petition, as follows: "'Failure to allege the principal place of business of a corporation, in
7  addition to its place of incorporation, completely fails to set forth the required allegations of
8  jurisdiction, and an amendment thereto to set forth such allegations *is an amendment of fact rather*
9  *than a mere correction of a defective form*. Bradford, 217 F. Supp. at 527.'" *Winters, supra,* 446 F.
10 Supp. at 1127. Emphasis added. What Lufthansa looks to do here is far more then providing a
11 missing jurisdictional allegation; it seeks to replace an affirmative statement of substantive fact with
12 an entirely different, contradictory statement of substantive fact.
13        In *Bradford, supra,* 217 F. Supp. 525, a defendant in a wrongful death and personal injury suit
14 removed the complaint filed in the Superior Court of Del Norte County. He claimed that diversity
15 existed because he was a citizen of Oregon, alleged on information and belief that none of the other
16 defendants were citizens of California and, again on information and belief, that "none of the
17 plaintiffs is a citizen of Oregon." *Id*, at 526. The original petition being deemed defective, the
18 defendant sought to amend the petition *nunc pro tunc*.
19        The district court denied the motion. "The great weight of authority, dealing mostly with
20 defects in allegations of corporate jurisdiction . . . sets forth the proposition that a failure to allege the
21 principal place of business of a corporation, in addition to its place of incorporation, completely fails
22 to set forth the required allegations of jurisdiction, and an amendment thereto to set forth such
23 allegations is an amendment of fact rather than a mere correction of a defective form. [citations
24 omitted.} *Id.*, at p.527. Further, the defendant's 'negative' allegation concerning the plaintiffs'
25 citizenship likewise could not be amended: "The only allegations on this point in the original petition
26 is stated in negative terms, that the plaintiffs, on information and belief, are not citizens of Oregon.
27 On this point, even should this Court adopt the minority viewpoint of the sufficiency of the corporate
28 jurisdictional allegations (which it does not), the minority admits that no amendment to a petition for

1  removal may be made *which would set forth totally new facts, as opposed to merely clarifying*
2  *ambiguities in the original petition*." *Id.*, at 528.  Emphasis added.
3     *Bradford* is still good law.  *See, e.g., White, supra,* 2025 WL 1174216 at *2; *Rohr v. Target*
4  *Corp.*, 2009 WL 10672156 (Case No. SACV 08-01314 JVS, decided January 13, 2009, James V.
5  Selna USDJ) *3 (relying on *Bradford*, including to deny request for leave to amend).

6  **III.  BECAUSE LUFTHANSA SEEKS TO REPLACE SUBSTANTIVE FACTS WITH CONTRADICTORY SUBSTANTIVE FACTS, IT MAY NOT AMEND ITS REMOVAL PETITION**

8     Lufthansa disingenuously insists that its motion to amend is nothing more than the correction
9  of a technical defect of form, replacing a foreign national LLC member with a new different,
10 domestic Oklahoma LLC member.  That is nonsense.  It seeks to replace one set of facts with a
11 totally different set of facts.  Moreover, we emphasize that Lufthansa is not seeking to amend its
12 characterization of plaintiffs' respective citizenships, but its characterization of its *own* subsidiary's
13 citizenship, of which it is presumed to have knowledge; indeed, that presumption is buttressed by
14 Lufthansa's status as a major international corporation and the active participation herein of in-house
15 counsel.  This is not simply Plaintiffs' view: the Court of Appeals has said exactly the same thing.
16 The facts are substantive; they are contradictory; and they attempt to use new facts to directly turn a
17 lack of diversity jurisdiction into an existence of diversity jurisdiction.  Nothing more need be said.

18 **IV.  THE AMENDED AND RESTATED AGREEMENT HAS NOT BEEN PROPERLY AUTHENTICATED AND THEREFORE CANNOT BE THE BASIS FOR LUFTHANSA'S MOTION TO AMEND THE REMOVAL PETITION.  PLAINTIFFS OBJECT TO ANY ADMISSION OR CONSIDERATION OF THE AGREEMENT**

21    Defendants' original Notice of Removal of Civil Action Pursuant to 28 U.S.C. § 1441 On the
22 Grounds of Diversity of Citizenship, Etc., Dkt. 1 at ¶¶ 8-9, affirmatively represented that LGBS now
23 and at all times relevant to the action was a Delaware limited liability company, and that "[t]he sole
24 member of Lufthansa Group Business Services New York LLC is Paul Majeran, a resident of the
25 State of New York and a citizen of Germany." (It omitted LGBS principal place of business, an
26 omission of a required fact itself sufficient to make the petition defective, as discussed above.)
27 This document was signed by counsel for defendants. Likewise, Defendants' Disclosure Statement of
28 Deutsche Lufthansa Aktiensellschaft and Lufthansa Group Business Services New York LLC

Pursuant To Federal Rule of Civil Procedure 7.1, made the same statement that LGBS "is a Delaware limited liability company and that its sole member is Paul Majeran, a resident of New York and citizen of Germany." This too was signed by counsel for defendants.

On November 17, 2023, Lufthansa filed the Declaration of James Stevens in support of Lufthansa's Motions to Dismiss and for Judgment on the Pleadings. Dkt. 17-1. Mr. Stevens described himself as Lufthansa Group's Legal Counsel for the Americas and, as such, "fully familiar" with the operations of both Lufthansa and LGBS in the United States. *Id.*, ¶¶ 1, 4. He also stated that he was "generally familiar with LGBS's organization and operations within the Americas" and described LGBS as a "limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business in the State of New York." *Id.*, ¶¶ 28-30.

Consistent with these prior filings, and as noted in the Ninth Circuit's partial remand order, Lufthansa's Answering Brief on Appeal asserted the same affirmative jurisdictional *facts* as in its Petition for Removal: "LGBS is a Delaware limited liability company and its sole member is Paul Majeran, a resident of New York and citizen of Germany." App. Dkt. 26.1, p. 12. This was now a year after Lufthansa filed its Petition for Removal.

At oral argument before the Ninth Circuit on May 12, 2025, the panel *sua sponte* questioned whether diversity jurisdiction – and therefore subject matter jurisdiction -- actually existed. The Ninth Circuit then ordered supplemental briefing. In response, on May 30, 2025, Lufthansa filed its supplemental brief accompanied by a purported motion to "Supplement the Record on Appeal." App. Dkt. 48.1. Title aside, this motion in reality was an ill-disguised request to *amend* the removal petition without following the established statutory procedure of 28 USC § 1653. We can only infer that Lufthansa chose to proceed in this manner in the hope of slipping in new and different jurisdictional facts under the guise of simply correcting what it characfterized as a mere technical error of form not needing an actual amendment. And, Lufthansa's accompanying declarations pursued the theme that there was 'nothing to see here' beyond a minor hiccup readily curable with 'supplemental' evidence. Lufthansa's counsel, Ms. Nowinsky, declared that "Lufthansa and LGBS conducted further investigation into the citizenship of LGBS and discovered additional information and documentation regarding the citizenship of LGBS . . ." which included "obtain[ing] an Amended

Limited Liability Company Agreement" for LGBS which showed that as of September 3, 2019, "the sole member of LGBS was Lufthansa Technik North America Holding, Corp." and not "an individual, Paul Majeran" as Lufthansa had alleged in its removal petition. Declaration of Ivy Nowinsky, Dkt. 48.1, pp. 9-10, ¶¶ 7-10. Ms. Nowinsky did not state how that document had been "obtained," did not represent that it actually had been filed with the State of Delaware and did not represent that it actually had been present in Lufthansa's/LGBS' corporate files. She did not state how the supposed error had occurred. Instead, Ms. Nowinsky attached to her declaration two more (identical) declarations by Mr. Stevens.

Mr. Stevens declared that in his role as legal counsel for the Lufthansa Group, he has "access to all documents relating to the formation, ownership and business operations of all business entities within the Lufthansa Group" and "access to all documents relating to the formation, ownership and business operations of Lufthansa Technik North America Holding, Corp." Declaration of John Stevens, App. Dkt. 48-1, pp.14-15, ¶¶ 4, 12. Mr. Stevens further declared that "[a]t all times relevant to this lawsuit, including on August 25, 2023, LGBS was a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business in the State of New York." *Id.*, ¶ 7. Mr. Stevens next alleged that the ownership of LGBS "was amended *on* September 3, 2019, pursuant to an Amended and Restated Limited Liability Company Agreement of Lufthansa Group Business Services New York LLC," a purported copy of which is attached to his Declaration as Exhibit A. *Id.*, ¶ 8. "Paul Majeran has not been a member of LGBS since September 3, 2019." *Id.*, ¶ 10. Finally, Mr. Stevens stated Lufthansa Technik's state of incorporation as Delaware and its principal place of business as in Tulsa, Oklahoma, attaching also a print out from a business search of the Oklahoma Secretary of State's website confirming Technick's corporate status. *Id.*, ¶¶ 13-14 and Exh. B. But:

- Mr. Stevens did not describe where the purported Amended and Restated Agreement was found, or even whether it was located in Lufthansa's files – as opposed, for example, to having been created more recently.
- Mr. Stevens did not affirmatively state that he has first-hand knowledge of the actual creation and existence of this document. Nobody else authenticates it.

- Contrary to Mr. Stevens' declaration, the document does not state that it was executed *on* September 3, 2019, but "*as of*" September 3, 2019. The purported signatures are not dated. There are no actual documents or first-hand testimony confirming when the Agreement was actually created and executed.

- There is no evidence actually tying Technik to LGBS other than the suspect Amended and Restated Agreement.

- Mr. Stevens included no affirmative, admissible evidence identifying LGBS' member or members prior to the alleged creation of the Amended and Restated Agreement. His bald statement that "Paul Majeran has not been a member of LGBS since September 3, 2019," was evasive given the absence of any foundation that he was a member of LGBS prior to that date. As is discussed below, in fact Mr. Majeran was *never* a member of LGBS at any time. There is no evidence of the identity of LGBS' member or members prior to the alleged execution of the Amended and Restated Agreement.

In sum, Lufthansa's filing in the Court of Appeals included no admissible evidence adequately authenticating the Amended and Restated Agreement as a real document executed prior to the filing of Plaintiffs' complaint, notwithstanding that the Agreement was the "supplemental evidence" upon which Lufthansa intended to have the Court of Appeals rely as proof of diversity of citizenship. However, whatever Lufthansa may have intended by characterizing these new, significant substantive facts as mere "supplemental evidence," the Court of Appeals concluded that that they were not "supplemental," but that the record now included two contradictory statements of substantive facts concerning LGBS citizenship which would produce polar-opposite results on whether or not diversity jurisdiction existed. Therefore, Lufthansa would have to make a proper 28 USC § 1653 motion to amend its removal petition.

Filing a proper motion to amend in this Court should have given Lufthansa an opportunity to clean up the gaps and inconsistencies in evidence surrounding the creation, existence and discovery of the purported Amended and Restated Agreement. Declarations were submitted by Ms. Nowinski, Mr. Stevens, Arthur Molins (Lufthansa's General Counsel for the Americas) and Robin McDougall, a

Lufthansa corporate paralegal.  But while Lufthansa may have believed these declarations were resolving some of the gaps and open questions, they have in fact only highlighted them.

- Nobody testified to having first-hand knowledge about the actual drafting of the Amended and Restated Agreement.
- Nobody testified to having first-hand knowledge concerning when the Amended and Restated Agreement was executed, or the circumstances in which it was executed.
- Mr. Molins declared that on May 23, 2025, he located the Amended and Restated Agreement and sent it to Mr. Stevens.  Declaration of Arthur Molins, Dkt. 48-3, p. 4, ¶ 28.  But Mr. Molins did not testify where he had located the Amended and Restated Agreement, or whether it was in Lufthansa's proper files, and nobody explained why Mr. Stevens, who has testified that he had full access to all of Lufthansa's legal files, including those of LGBS, never had or saw the Amended and Restated Agreement until Mr. Molins sent it to him.
- Ms. McDougall's declaration explained how she mistakenly informed Lufthansa's counsel and Mr. Stevens that Paul Majaren was LGBS' managing member, based upon an April 10, 2019 email exchange with Mr. Molins in which she requested the identity of LGBS' managing member and Mr. Molins responded that Frank Weinrich was the managing director.  A review of Ms. McDougall's files disclosed to her that Mr. Weinrich had been succeeded as managing director by Mr. Majeran. She mistakenly confused "managing director" with "managing member." Declaration of Robin McDougall., Dkt. 48-4, pp. 2-3, ¶¶ 9-19.
- However, Ms. McDougall does not explain why apparently no evidence of either the Amended and Restated Agreement or Technik's supposed role as LGBS' member – ostensibly since 2019 – was located in her files.  Nor does Ms. McDougall or any other declarant identify LGBS' member or members prior to the supposed Amended and Restated Agreement.

- Mr. Molins has now conceded that Mr. Majeran was *never* a member of LGBS, but was the "managing director" of LGBS from May 1, 2021 until LGBS was dissolved in 2024. Molins Dec., Dkt. 48-3, p. 3, ¶¶ 13-14.

Even after all these filings, the Amended and Restated Agreement has not been authenticated. There is no evidence of who prepared it or has first-hand knowledge of its preparation; where and how it was maintained in Lufthansa's files; the circumstances of its supposed execution and the actual date on which it was executed; or any other evidence supporting a conclusion that what has been proffered as an LGBS corporate document is, in fact, any such thing. Federal R. Evid., FRE 901: "Before a document or any other piece of evidence can be admitted in court, the party offering it must present evidence to show that the item is what they claim it is." Lufthansa has not even come close to doing so here, and Plaintiffs therefore respectfully object to any admission or consideration of the Amended and Restated Agreement or testimony or other evidence purporting to rely on it.

## V. CONCLUSION

For all the aforementioned reasons, Plaintiffs respectfully request that Lufthansa's Motion to Amend Removal Petition be denied.

DATED: August 8, 2025                         PUTTERMAN | YU | WANG LLP

                                              By: _____
                                                  DONALD J. PUTTERMAN
                                                  Attorneys for Plaintiffs
                                                  JOHN DOE and ROBERT ROE