UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE, *et al*.,<br><br>   Plaintiffs,<br><br>  v.<br><br>DEUTSCHE LUFTHANSA AKTIENGESELLSCHAFT, *et al*.,<br><br>   Defendants. | Case No. 23-cv-04413-SI<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR LEAVE TO AMEND NOTICE OF REMOVAL**<br><br>Re: Dkt. No. 48 |

Defendants' motion for leave to amend notice of removal was scheduled for a hearing on September 5, 2025. Pursuant to Civil Local Rule 7-1(b), the Court found this matter appropriate for resolution without oral argument and vacated the hearing. Having considered the papers submitted, and for good cause shown, the Court hereby GRANTS defendants' motion. Defendants shall file an amended notice of removal no later than September 12, 2025.

**BACKGROUND**

Plaintiffs John Doe and Robert Roe filed this lawsuit in state court alleging that Lufthansa employees wrongfully disclosed plaintiffs' marital status when Doe and Roe flew Saudi Arabia to the United States in May 2021. Defendants removed the case to the Court on the basis of both diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) and federal question jurisdiction based on preemption under the Montreal Convention. Dkt. No. 1. In the notice of removal, defendants stated that plaintiff John Doe was a citizen of California, plaintiff Robert Roe was a citizen of Saudi Arabia, defendant Deutsche Lufthansa Aktiengesellschaft ("Lufthansa") was a citizen of Germany, and that the sole member of defendant Lufthansa Group Business Services New York LLC ("LGBS") was Paul Majeran, a German citizen and resident of New York. *Id.* On March 29, 2024, this Court

Case 3:23-cv-04413-SI    Document 53    Filed 09/05/25    Page 2 of 6

1   dismissed the case against defendants for lack of personal jurisdiction. Plaintiffs appealed.

2   On appeal, the Ninth Circuit *sua sponte* directed supplemental briefing on the issue of diversity jurisdiction. The court noted that if the allegations as to citizenship in the notice of removal were correct, there is no diversity jurisdiction because there are foreign nationals on both sides without any dispute between citizens of different states. *See Nike, Inc. v. Comercial Iberica de Exclusivas Deportivas*, S.A., 20 F.3d 987, 991 (9th Cir. 1994) (when a foreign plaintiff sues only foreign defendants, the presence of a citizen plaintiff "does not salvage jurisdiction because diversity must be complete"). In response to the Ninth Circuit's order, defendants submitted a brief stating that they had incorrectly identified Paul Majeran as the sole member of LGBS when in fact the sole member of LGBS was Lufthansa Technik North America Holding Corp. ("Lufthansa Technik"), a Delaware corporation with its principal place of business in Tulsa, Oklahoma.

On June 17, 2025, the Ninth Circuit ordered a "limited remand" to this Court for the purpose of determining "whether there is diversity jurisdiction, which necessarily involves deciding whether Lufthansa and LGBS may amend their notice of removal" pursuant to 28 U.S.C. § 1653. Dkt. No. 45 at 3. On July 25, 2025, defendants filed the present motion for leave to amend the notice of removal to correct the jurisdictional allegations regarding defendant LGBS.

**LEGAL STANDARD**

28 U.S.C. § 1653 gives district courts discretion to allow or deny "[d]efective allegations of jurisdiction [to] be amended, upon terms." The Supreme Court has held that Section 1653, "addresses only incorrect statements about jurisdiction that actually exists, and not defects in the jurisdictional facts themselves." *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 830-31 (1989). Thus, a court must first determine whether the amendment seeks to correct a jurisdictional statement or fact. *See id.* This rule works in conjunction with 28 U.S.C. § 1446(b), which requires defendants to file for removal within 30 days after receiving a copy of the complaint. After the 30 day period, removal petitions cannot be amended to add allegations of substance, but only to clarify defective allegations of jurisdiction. *Barrow Dev. Co. v. Fulton Ins. Co*., 418 F.2d 316, 317-18 (9th Cir. 1969) (holding that amendment is allowed where allegations of citizenship failed to disclose

2

the state of incorporation and the location of the corporation's principal place of business since this was a clarification of a defect and not a new allegation of substance). Section 1653 is considered a "liberal amendment rule" that "permits a party who has not proved, or even alleged, that diversity exists to amend his pleadings even as late as on appeal." *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 613 (9th Cir. 2016) (*citing D.C. ex rel. Am. Combustion, Inc. v. Transamerica Ins. Co.*, 797 F.2d 1041, 1044 (D.C. Cir. 1986)).

**DISCUSSION**

Defendants seek to amend the notice of removal to allege that at the time of filing and removal, the sole member of defendant LGBS LLC was Lufthansa Technik, a Delaware corporation with its principal place of business in Tulsa, Oklahoma. Because the citizenship of an LLC follows that of its members, *see Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006), defendants assert that diversity jurisdiction exists pursuant to 28 U.S.C. § 1332(a)(3) because this is an action between citizens of different states (Doe and LGBS) to which aliens (Roe and Lufthansa) are additional parties.

In support of their motion to amend, defendants have submitted declarations from the following individuals: (1) Ivy Nowinski, counsel for defendants; (2) Arthur Molins, General Counsel for Lufthansa; (3) Robin McDougall, paralegal for Lufthansa; and (4) James Stevens, Legal Counsel for the Americas, for Lufthansa. Defendants state that Paul Majeran was the "Managing Director" of LGBS from May 1, 2021, until its dissolution in 2024, and that Majeran was never a member of LGBS. Stevens Decl. ¶¶ 12-13; Molins Decl. ¶¶ 13-14. Defendants' declarations explain the chain of events that led to incorrectly stating that Majeran was LGBS's sole member, *see id*. ¶¶ 15-31, Ex. C; Nowinski Decl. ¶¶ 5-9, 15-19; McDougall Decl. ¶¶ 1-21, Ex. A; Stevens Decl. ¶¶ 14-29. Mr. Molins states that he was "personally involved in the creation of the formation documents for LGBS," and that,

> 8. At all times relevant to this lawsuit, including on August 25, 2023, and until its dissolution in 2024, LGBS was a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business in the State of New York.

> 9. At all times relevant to this lawsuit, including on August 25, 2023, the sole member of LGBS was Lufthansa Technik North America Holding Corp.
>
> 10. A true and correct copy of the Amended and Restated Limited Liability Company Agreement for LGBS dated September 3, 2019, in effect until the dissolution of LGBS in 2024, identifying Lufthansa Technik North America Holding Corp. as the sole member of LGBS, is attached hereto as Exhibit A.
>
> 11. At all times relevant to this lawsuit, including on August 25, 2023 and thereafter, Lufthansa Technik North America Holding, Corp. was organized and existing under the laws of the State of Delaware, with its principal place of business at 3515 N Sheridan Road, Tulsa, Oklahoma 74115.
>
> 12. A true and correct copy of a business search of the Oklahoma Secretary of State website performed on July 18, 2025, for Lufthansa Technik North America Holding, Corp., is attached hereto as Exhibit B and confirms that it is a Delaware corporation, registered to business in the State of Oklahoma at the address of 3515 N Sheridan Road, Tulsa, Oklahoma 74115.

Molins Decl. ¶¶ 7-12, Ex. A (Amended and Restated Limited Liability Agreement); Ex. B (Business Search); *see also* Stevens Decl. ¶¶ 7-11 (identical to Molins Decl. ¶¶ 8-12), Ex. A-B (same exhibits).

Plaintiffs do not dispute that if defendants are permitted to amend the notice of removal as they seek, diversity jurisdiction exists. Instead, plaintiffs emphasize that removal jurisdiction is strictly construed, and they contend that amendment is not permissible because defendants are seeking to "replace an affirmative statement of substantive fact with an entirely different, contradictory statement of substantive fact . . . 'rather than a mere correction of a defective form.'" Pls' Opp'n at 7 (Dkt. No. 49, quoting *Bradford v. Mitchell Bros. Truck Lines*, 217 F. Supp. 525, 527 (N.D. Cal. 1963)). Plaintiffs rely on *Bradford* and *Winters Government Securities corp. v. Cedar Point State Bank*, 446 F. Supp. 1123 (S.D. Fla. 1978), to argue that amendments cannot set forth new facts or cure allegations of jurisdiction that are entirely missing. In those cases, the district courts remanded cases to state court and denied the defendants' motions to amend where some jurisdictional allegations were entirely missing and some were alleged on information and belief. *See Winters*, 446 F. Supp. at 1126 (no allegations about the defendants' citizenship); *Bradford*, 217 F. Supp. at 527 (no allegations about the plaintiffs' citizenship and defendants' citizenship alleged on information and belief).

Defendants argue that *Bradford* and *Winters* ae distinguishable because the notice of removal in this case affirmatively pled the citizenship of all parties. Defendants also argue that *Bradford* and *Winters* are not good law in light of Supreme Court and Ninth Circuit authority

4

1    holding that 28 U.S.C. § 1653 permits parties to amend defective jurisdictional allegations,

2    including missing allegations or those pled on information and belief, if there are facts in the record

3    to show complete diversity existed at the time of filing.

4        The Court concludes that defendants may amend the notice of removal to correct the

5    allegations regarding LGBS's citizenship because "[t]he primary purpose of § 1653 is to permit

6    correction of incorrect statements about extant jurisdiction." *Snell v. Cleveland, Inc.,* 316 F.3d 822,

7    824, 828 (9th Cir. 2002) (per curiam) (ordering pleadings amended pursuant to Section 1653 where

8    the record showed complete diversity existed when the complaint was filed but the complaint

9    inadequately alleged the facts to establish diversity); *see also Blue Ridge Ins. Co. v. Stanewich*, 142

10   F.3d 1145, 1148 (9th Cir.1998) (finding that failure to allege the citizenship of defendants was a

11   deficient jurisdictional allegation that could be cured by supplementing the record with certifications

12   of citizenship).

13       Plaintiffs also argue that defendants have failed to prove the facts of LGBS's citizenship

14   because defendants have not authenticated the Amended and Restated Limited Liability Company

15   Agreement for LGBS that is attached as Exhibits A to the Molins and Stevens declarations.

16   Plaintiffs argue that defendants' declarations do not contain any facts about how the document was

17   created, where it was kept, or how it was discovered, and thus that there is no evidence to

18   authenticate the agreement as a "real document." Pls' Opp'n at 11.

19       "The requirement of authentication or identification as a condition precedent to admissibility

20   is satisfied by evidence sufficient to support a finding that the matter in question is what its

21   proponent claims." Fed. R. Ev. 901(a). Testimony by a witness with sufficient knowledge that a

22   document is what it is claimed to be can be sufficient to authenticate a document. *Id.* at 901(b)(1).

23   Or a document can be authenticated based upon "[a]ppearance, contents, substance, internal

24   patterns, or other distinctive characteristics, taken in conjunction with circumstances." *Id.* at

25   901(b)(4). "The issue for the trial judge under Rule 901 is whether there is prima facie evidence,

26   circumstantial or direct, that the document is what it is purported to be. If so, the document is

27   admissible in evidence." *Alexander Dawson, Inc. v. N.L.R.B.*, 586 F.2d 1300, 1302 (9th Cir. 1978).

28   In addition, "FRE 901 does not require personal knowledge of a document's creation." *United*

1  *States v. Estrada–Eliverio*, 583 F.3d 669, 673 (9th Cir. 2009).

2  The Court finds that the declaration of Mr. Molins constitutes prima facie evidence that the Amended and Restated Agreement is what it is purported to be and is therefore admissible to show Lufthansa Technik's citizenship. *See Alexander Dawson, Inc.*, 586 F.2d at 1302. Mr. Molins is Lufthansa's General Counsel for the Americas of Lufthansa and he states that he has access to all documents relating to the "formation, ownership, and business operations of all business entities with the Lufthansa Group." Molins Decl. ¶ 5. Mr. Molins was also "personally involved in the creation of the formation documents for LGBS," and he attests that the Amended Agreement attached as Exhibit A to his declaration is true and correct. *Id.* ¶¶ 6, 10. This is sufficient to authenticate the document. *See* Fed. R. Ev. 901(b)(1); *Alexander Dawson, Inc.*, 586 F.2d at 1302.

## CONCLUSION

For the foregoing reasons, the Court GRANTS defendants' motion to amend the notice of removal. Defendants shall file an amended notice of removal no later than September 12, 2025.

**IT IS SO ORDERED**.

Dated: September 5, 2025

SUSAN ILLSTON
United States District Judge