1  Ivy L. Nowinski (State Bar No.: 268564)
   Email: inowinski@condonlaw.com
2  CONDON & FORSYTH LLP
   1901 Avenue of the Stars, Suite 1050
3  Los Angeles, California 90067-6036
   Telephone: (310) 557-2030
4  Facsimile:  (310) 557-1299

5      - and -

6  Anthony Battista (*Pro Hac Vice* Application to be Filed)
   Email: abattista@condonlaw.com
7  CONDON & FORSYTH LLP
   7 Times Square
8  New York, New York 10036
   Telephone: (212) 490-9100
9  Facsimile:  (212) 370-4453

10 Attorneys for Defendants
   DEUTSCHE LUFTHANSA AKTIENGESELLSCHAFT and
11 LUFTHANSA GROUP BUSINESS SERVICES NEW YORK LLC

12                UNITED STATES DISTRICT COURT

13                NORTHERN DISTRICT OF CALIFORNIA

14

15 | JOHN DOE, an individual; ROBERT ROE, an individual, | Case No. 3:23-cv-04413 |
16 | | |
   | Plaintiffs, | **AMENDED NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. § 1441 ON THE GROUNDS OF DIVERSITY OF CITIZENSHIP AND FEDERAL QUESTION JURISDICTION UNDER 28 U.S.C. §§ 1332 AND 1331** |
17 | | |
   | vs. | |
18 | | |
   | DEUTSCHE LUFTHANSA AKTIENGESELLSCHAFT, a German corporation; LUFTHANSA GROUP BUSINESS SERVICES NEW YORK LLC, a Delaware limited liability company; and DOES 1-10, inclusive, | |
19 | | |
20 | | |
21 | | |
22 | | |
   | Defendants. | |
23 | | |

24 TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN

25 DISTRICT OF CALIFORNIA:

26     Defendants Deutsche Lufthansa Aktiengesellschaft and Lufthansa Group Business

27 Services New York LLC ("Defendants"), by and through their attorneys of record, Condon &

28

Forsyth LLP, hereby submit their Amended Notice of Removal of Civil Action, which corrects and supplements certain incorrect allegations made in Defendants' original Notice of Removal of Civil Action pursuant to 28 U.S.C. § 1441 and federal question jurisdiction under 28 U.S.C. §§ 1332 and 1331, filed on August 25, 2023.

1. On July 14, 2023, a Complaint was filed in the Superior Court of the State of California for the County of San Francisco. A true and correct copy of the Complaint bearing Case No.: CGC-23-607672 filed in the state court is attached as Exhibit A.

2. On August 25, 2023, Defendants filed a Notice of Removal of Civil Action. ECF No. 1.

3. On August 25, 2023, Plaintiffs had not yet served Defendants with the Summons and Complaint, and the thirty-day time period for removal as set forth in 28 U.S.C. § 1446(b) had not yet elapsed.

4. According to the allegations contained in the Complaint, this is an action by Plaintiffs John Doe and Robert Roe against Defendants arising out of an incident that occurred following check in for their flight departing from Riyadh, Saudi Arabia, to Frankfurt, Germany, on May 25, 2021. *See* Exhibit A.

**FIRST GROUND FOR REMOVAL – ORIGINAL JURISDICTION FOUNDED ON DIVERSITY OF CITIZENSHIP UNDER**

**28 U.S.C. § 1332**

5. This is a civil action over which this Court has original jurisdiction based on the existence of diversity of citizenship between the parties pursuant to 28 U.S.C. § 1332, and is one which may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. § 1441(a), in that it is a civil action wherein the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States and in which citizens or subjects of a foreign state are additional parties.

6. Plaintiff John Doe alleges in his Complaint that he is a citizen of the United States

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 1050
Los Angeles, California 90067-6036
Telephone: (310) 557-2030

1  domiciled in the State of California. *See* Exhibit A, ¶ 6.

2      7.    Plaintiff Robert Roe alleges in his Complaint that he is a citizen of Saudi Arabia. *See* Exhibit A, ¶ 5.

    8.    Deutsche Lufthansa Aktiengesellschaft is not now and never has been a resident or citizen of the State of California. Deutsche Lufthansa Aktiengesellschaft is now and at all times relevant to this action was a foreign corporation duly organized and existing under the laws of the Germany, with its principal place of business located in Germany.

    9.    Lufthansa Group Business Services New York LLC is not now and never has been a resident or citizen of the State of California. At all times relevant to this lawsuit, including at the time of filing of Plaintiffs' Complaint and at the time of removal, Lufthansa Group Business Services New York LLC was a Delaware limited liability company, with its principal place of business located in New York.

    10.    At all times relevant to this lawsuit, including at the time of filing of Plaintiffs' Complaint and at the time of removal, the sole member of LGBS was Lufthansa Technik North America Holding Corp., a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 3515 N Sheridan Road, Tulsa, Oklahoma 74115.

    11.    The remaining Doe defendants identified as "Does 1 to 10" in Plaintiffs' Complaint are merely fictitious parties against whom no cause of action can be validly alleged. To the best of Defendants' information and belief, no other fictitiously designated defendant has been served with process. The citizenship of defendants sued under fictitious names, therefore, must be disregarded pursuant to 28 U.S.C. § 1441(b)(1).

    12.    This Court has original jurisdiction of the above-described action pursuant to 28 U.S.C. § 1332 based upon diversity of citizenship because the parties are citizens of different States, with citizens or subjects of a foreign state as additional parties, and the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* Exhibit A.

//

//

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 1050
Los Angeles, California 90067-6036
Telephone: (310) 557-2030

AMENDED NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. § 1441 ON THE GROUNDS OF DIVERSITY OF CITIZENSHIP AND FEDERAL QUESTION JURISDICTION UNDER 28 U.S.C. §§ 1332 AND 1331
4923-4079-3959V.1

- 3 -

## SECOND GROUND FOR REMOVAL - FEDERAL QUESTION UNDER 28 U.S.C. § 1331 - ORIGINAL JURISDICTION FOUNDED ON CLAIMS ARISING UNDER THE MONTREAL CONVENTION, A UNITED STATES TREATY

13. Second, and as an independent ground for removal, this is a civil action over which this Court has original jurisdiction based upon the existence of a federal question pursuant to 28 U.S.C. § 1331, in that it arises under the Montreal Convention, a treaty of the United States. This action, therefore, may be removed to this Court by the City pursuant to the provisions of 28 U.S.C. § 1441(a). *See e.g.*, *Husmann v. Trans World Airlines, Inc.*, 169 F.3d 1151, 1152 (8th Cir. 1999) (Warsaw); *Fadhliah v. Societe Air France*, 987 F. Supp. 2d 1057, 1064 (C.D. Cal. 2013) (Montreal); *Jack v. Trans World Airlines, Inc.*, 820 F. Supp. 1218, 1226 (N.D. Cal. 1993) (Warsaw); *Rosenbrock v. Deutsche Lufthansa, A.G., Inc.*, No. 6:16-CV-0003, 2016 WL 2756589, at *20 (S.D. Tex. May 9, 2016) (Montreal); *Moran v. Am. Airlines, Inc.*, No. 10-80878-CIV, 2011 WL 13116533, at *6 (S.D. Fla. Feb. 17, 2011), *report and recommendation adopted*, No. 10-80878-CIV, 2011 WL 13116534 (S.D. Fla. Mar. 9, 2011) (Montreal); *Singh v. N. Am. Airlines*, 426 F. Supp. 2d 38, 45 (E.D.N.Y. 2006) (Warsaw); *Mateo v. JetBlue Airways Corp.*, 847 F. Supp. 2d 383, 386 (E.D.N.Y. 2012) (Montreal); *Masudi v. Brady Cargo Servs., Inc.*, No. 12-CV-2391 DLI, 2014 WL 4416502, at *3 (E.D.N.Y. Sept. 8, 2014) (Montreal); *Garrisi v. Nw. Airlines, Inc.*, No. 10-12298, 2010 WL 3702374, at *5 (E.D. Mich. Sept. 16, 2010) (Montreal); *Schaefer-Condulmari v. U.S. Airways Grp., Inc.*, No. CIV.A. 09-1146, 2009 WL 4729882, at *9 (E.D. Pa. Dec. 8, 2009) (Montreal).

14. The Montreal Convention, formally known as the Convention for the Unification of Certain Rules for International Air Carriage by Air, May 28, 1999 (entered into force on November 4, 2003), *reprinted in* S. Treaty Doc. No. 106-45, 1999 WL 33292734, is the successor to the Warsaw Convention, (*Narayanan v. British Airways*, 747 F.3d 1125, n.2 (9th Cir. 2014)) and unifies and replaces the system of liability that derives from the Warsaw Convention. *See Ehrlich v. American Airlines, Inc.*, 360 F.3d 366, 371 (2d Cir. 2004).

15. The Montreal Convention is applicable to all "international carriage of persons,

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 1050
Los Angeles, California 90067-6036
Telephone: (310) 557-2030

baggage or goods performed by aircraft for reward." Montreal Convention, Art. 1(1); *Narayanan*, 747 F.3d at 1127; *Chubb Ins. Co. of Europe S.A. v. Menlo Worldwide Forwarding, Inc.*, 634 F.3d 1023, 1026 (9th Cir. 2011).

16.   At the time of the alleged incident, Plaintiffs allege that they were boarding a round-trip international flight from Saudi Arabia. Saudi Arabia is a signatory to the Montreal Convention and the Montreal Convention entered into force in Saudi Arabia on December 14, 2003. *See* Treaties in Force, U.S. Department of State (2020).

17.   The carriage out of which the subject matter of this action arose was, therefore, "international carriage" as defined by Article 1(2) of the Montreal Convention. As a treaty of the United States, the Montreal Convention preempts all state law claims inconsistent with its terms. By its express terms, the Montreal Convention provides the exclusive remedy for all claims by passengers arising from international carriage by air. Montreal Convention, Art. 29; *Narayanan*, 747 F.3d at 1127; *see also El Al Israel Airlines, Ltd. v. Tseng*, 525 U.S. 155 (1999).

18.   The substantive scope of the Montreal Convention is set forth in Article 17, provides:

> The carrier is liable for damage sustained in case of death or bodily injury of a passenger upon condition only that the accident which caused the death or injury took place on board the aircraft or in the course of any of the operations of embarking or disembarking.

Montreal Convention, art. 17(1).

19.   Plaintiffs claim that the incident occurred in the process of checking in for their flight.

20.   Plaintiffs further allege that this incident appeared to occur at the boarding gate of the flight as they state that following the alleged incident with check in and "immediately prior to the departure of Doe and Roe's flight, they were allowed to board the flight." *See* Exhibit A.

21.   Incidents occurring during boarding are within the substantive scope of the Montreal Convention. *See Leung v. China S. Airlines Co. Ltd.*, No. CV 19-681 PA (SKX), 2019 WL 7195616, at *4 (C.D. Cal. Oct. 17, 2019); *David v. United Airlines, Inc.*, 2016 WL 1573423,

AMENDED NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. § 1441 ON THE GROUNDS OF DIVERSITY OF CITIZENSHIP AND FEDERAL QUESTION JURISDICTION UNDER 28 U.S.C. §§ 1332 AND 1331

- 5 -

4923-4079-3959V.1

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 1050
Los Angeles, California 90067-6036
Telephone: (310) 557-2030

at *5 (C.D. Cal. Apr. 18, 2016); *Chattopadhyay v. Aeroflot Russian Airlines*, 2011 U.S. Dist. LEXIS 163673, at *14 (C.D. Cal. Aug. 17, 2011).

22. Accordingly, Plaintiffs' state law claims are preempted by the Montreal Convention, and Plaintiffs' action can only be brought subject to the conditions set out in the Montreal Convention, which provides the exclusive remedy for his claims.

WHEREFORE, Defendants pray that the above-entitled action now pending in the Superior Court of California for the County of San Francisco, be removed to this Court.

Dated: September 8, 2025    CONDON & FORSYTH LLP

By: _____
IVY L. NOWINSKI

- and -

ANTHONY BATTISTA
(*Pro Hac Vice* Application to be Filed)
Email: abattista@condonlaw.com
CONDON & FORSYTH LLP
7 Times Square
New York, New York 10036
Telephone: (212) 490-9100
Facsimile: (212) 370-4453

Attorneys for Defendants
DEUTSCHE LUFTHANSA AKTIENGESELLSCHAFT and LUFTHANSA GROUP BUSINESS SERVICES NEW YORK LLC

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 1050
Los Angeles, California 90067-6036
Telephone: (310) 557-2030

AMENDED NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. § 1441 ON THE GROUNDS OF DIVERSITY OF CITIZENSHIP AND FEDERAL QUESTION JURISDICTION UNDER 28 U.S.C. §§ 1332 AND 1331
4923-4079-3959V.1

- 6 -

# PROOF OF SERVICE

**STATE OF CALIFORNIA COUNTY OF LOS ANGELES**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 1901 Avenue of the Stars, Suite 1050, Los Angeles, California 90067-6036. On September 8 , 2025, I served the within document as follows:

AMENDED NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. § 1441 ON THE GROUNDS OF DIVERSITY OF CITIZENSHIP AND FEDERAL QUESTION JURISDICTION UNDER 28 U.S.C. §§ 1332 AND 1331

☐ **(By Facsimile):** I caused the above-referenced document(s) to be transmitted by facsimile machine to the person(s) at the address(es) set forth below.

☐ **(By Mail):** As Follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing to the person(s) at the address(es) set forth below. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

☐ **(By Personal Service)**: I caused the above-referenced document(s) to be personally delivered by hand to the person(s) at the address(es) set forth below.

☒ **(By Electronic Service)**: I caused the above-referenced document(s) to be delivered electronically to the person(s) at the e-mail address(es) set forth below via the Court's CM/ECF service.

      Donald J. Putterman, Esq.
      Dannielle M. Campbell, Esq.
      Putterman | Yu | Wang LLP
      345 California Street, Suite 1160
      San Francisco, California 94104
      E-mails: dputterman@plylaw.com; dcampbell@plylaw.com

**(Federal)**: I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

/ /

Executed on September 8, 2025, at Los Angeles, California.

                                                      */s/ Hannah Beck-Kilps*
                                                      Hannah Beck-Kilps