DONALD J. PUTTERMAN (SBN 90822)
PUTTERMAN | YU | WANG LLP
345 California Street, Suite 1160
San Francisco, CA 94104
E-mail: dputterman@plylaw.com

Attorneys for Plaintiffs
JOHN DOE and ROBERT ROE

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOHN DOE, an individual; ROBERT ROE, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>DEUTSCHE LUFTHANSA AKTIENGESELLSCHAFT, a German corporation; LUFTHANSA GROUP BUSINESS SERVICES NEW YORK LLC, a Delaware limited liability company; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.: 3:23-CV-04413-SI<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT DEUTSCHE LUFTHANSA AKTIENGESELLSCHAFT MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND FAILURE TO STATE A CLAIM AND, IN THE ALTERNATIVE, SPECIAL MOTION TO STRIKE STRATEGIC LAWSUIT AGAINST PUBLIC PARTICIPATION PURSUANT TO § 425.16 OF THE CALIFORNIA CODE OF CIVIL PROCEDURE**<br><br>Date: June 26, 2026<br>Time: 10:00 a.m.<br>Dept.: Courtroom 1- 17th Floor<br><br>Honorable Susan Illston Presiding<br><br>Complaint Filed: July 14, 2023<br>Removal Filed: August 25, 2023<br>Trial Date: Non |

## I. SUMMARY OF OPPOSITION

Plaintiffs JOHN DOE and ROBERT ROE (collectively "Plaintiffs") respectfully submit and rely upon their Administrative Motion to Strike Lufthansa's Motion to Dismiss For Lack Of Subject Matter Jurisdiction, etc., Vacate Hearing Date, Issue Sanctions and/or an Order to Show Cause Why Lufthansa and Its Counsel Should Not Be Held in Contempt of Court filed May 27, 2026, Dkt. No. 73 in opposition to this instant motion (Lufthansa's Motion to Dismiss for Lack of Subject Matter Jurisdiction, etc.). A copy of Plaintiffs' Administrative Motion is attached as **Exhibit A** hereto.

## II. CONCLUSION

For all the aforementioned reasons, Plaintiffs respectfully submit that Defendant Lufthansa's Motion to Dismiss for Lack of Subject Matter Jurisdiction, etc. should be denied.

DATED: May 29, 2026

PUTTERMAN | YU | WANG LLP

By: [signature]

DONALD J. PUTTERMAN
Attorneys for Plaintiffs
JOHN DOE and ROBERT ROE

# EXHIBIT A

DONALD J. PUTTERMAN (SBN 90822)
PUTTERMAN | YU | WANG LLP
345 California Street, Suite 1160
San Francisco, CA 94104
E-mail: dputterman@plylaw.com

Attorneys for Plaintiffs
JOHN DOE and ROBERT ROE

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOHN DOE, an individual; ROBERT ROE, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>DEUTSCHE LUFTHANSA AKTIENGESELLSCHAFT, a German corporation; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.: 3:23-CV-04413-SI<br><br>**PLAINTIFFS' ADMINISTRATIVE MOTION TO STRIKE LUFTHANSA'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION, ETC., VACATE HEARING DATE, ISSUE SANCTIONS AND/OR AN ORDER TO SHOW CAUSE WHY LUFTHANSA AND ITS COUNSEL SHOULD NOT BE HELD IN CONTEMPT OF COURT**<br><br>Honorable Susan Illston Presiding<br><br>Complaint Filed: July 14, 2023<br>Removal Filed: August 25, 2023<br>Amended Complaint Filed: April 30, 2026<br>Trial Date: None set |

Plaintiffs hereby move administratively pursuant to Local Rule 7-11 to strike Lufthansa's purported Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim and In The Alternative to Strike Strategic Lawsuit Against Public Participation Pursuant to § 425.16 of the California Code of Civil Procedure, on the following grounds: The Motion violates this Court's Status Conference Order of April 29, 2026; violates Local Rule 7.9 as an unauthorized and otherwise improper Motion for Reconsideration; includes patently false and deceptive statements; and is intended solely for obstruction and delay. Plaintiffs further request that the hearing date for Lufthansa's motion be vacated, and that sanctions and/or an Order to Show Cause Why Lufthansa and Its Counsel Should Not Be Held in Contempt.

**A. Prior Motions and Court Orders**

On February 20, 2026, the parties filed their Joint Status Report, Lufthansa stated its intention to move to dismiss Roe's claims for lack of subject matter jurisdiction pursuant to Article 33 of the Montreal Convention, and to "renew[] [its] motion for judgment on the pleadings." Lufthansa sought to stretch out these proceedings *ad infinitum* by requesting a hearing date 60 days after the Joint Status Conference scheduled for February 27, 2026; and for the Court "to set a briefing schedule for the other two proposed motions following the decision on Lufthansa's motion to dismiss." Dkt. 58 at 2. However, at the Status Conference, the Court rejected any further delay, directing that Plaintiffs file their motion to amend the complaint within 30 days. The Court then stated as follows:

> THE COURT: . . . And, then, I was going to tell the Defendants, it will be a motion to amend. If you plan to oppose it, please do so on the substance so that we don't – we don't then get a motion to dismiss after the motion to amend. So, if you're going to – if you're going to oppose it, make it on a futility sort of thing or something. All right?
> MS. NOWINSKI: All right. May I ask one clarifying question, your Honor? **So you wish us to both assert our subject matter jurisdiction, as well as our 12c arguments in response to that motion?**
> THE COURT: **Yes.**
> MS. NOWINSKI: **Ok.**

Declaration of Donald J. Putterman in Support of Plaintiff's Administrative Motion to Strike, etc., filed concurrently herewith, Exh. A. Emphasis added.

Plaintiffs filed their motion for leave to file their First Amended Complaint on March 30, 2026. Dkts. 61, 62. Lufthansa filed its Opposition on April 10, 2026. The *entirety* of the Opposition consisted of Lufthansa's assertion that the Montreal Convention preempted Plaintiffs' claims; and that Article 33 of the Convention precluded subject matter jurisdiction in this Court. Lufthansa did **not** renew its earlier attempt to dismiss Plaintiffs' claims pursuant to Fed. Rule Civ. Proc., Rule 12(c). Dkt. 63l. Plaintiffs' Reply, filed April 17, 2026, rebutted Lufthansa's argument by showing that, pursuant to controlling case law, Plaintiffs had not yet "embarked" on their flight at KKIA, thereby foreclosing both of Lufthansa's Montreal Convention arguments. Dkt. 64.

On April 28, 2026, the Court issued its Order Granting Plaintiffs' Motion for Leave to File First Amended Complaint (the "April 28, 2026 Order"). Dkt. 66. The Court held that "[g]iven fact [sic]intensive nature of the inquiry and the early stage of the proceedings, it is premature to determine whether the Montreal Convention preempts plaintiffs' claims. . . . Rather, this issue is more appropriately resolved after the factual record is developed." And in fn. 5, the Court further stated: "As it is premature to determine whether the Montreal Convention applies, the Court does not address Lufthansa's argument that the Court lacks subject matter jurisdiction under Article 33 of the Convention. *See* Opp'n at 13-15." Dkt. 66 at 10-11 and n.5. Plaintiffs filed the First Amended Complaint ("FAC") on April 30, 2026. Dkt. 68.

### B. Lufthansa's Motion Violates Local Rule 7.9 and the March 27, 2026 Status Conference Order

Notwithstanding the Court's holding that **any** Montreal Convention determination would be "premature" until discovery had taken place, Lufthansa now treats the Order as if it were a mere 'scrap of paper.' Lufthansa's present motion, at pages 6 through 17, reiterates the same Montreal Convention arguments made in its Opposition to Plaintiffs' Motion for Leave to File Their First Amended Complaint. Lufthansa cites only case law, facts and allegations pre-dating the April 28, 2026 Order; indeed, much of the case law is lifted from Plaintiff's original motion for leave to file the FAC. Further, Lufthansa already knew of the Court's plain-English direction at the March 27 Status Conference to include **every** argument it wished to make against Plaintiffs' claims **in its Opposition to Plaintiffs' Motion to File Their First Amended Complaint.**

Lufthansa's present motion is an ill-disguised, unauthorized Motion for Reconsideration which violates Local Rule 7.9. Rule 7.9 (a) bars filing any such motion without first obtaining leave of Court (which did not happen here) and requires a showing of "reasonable diligence" in bringing the motion *and* a showing of either (1) a material difference of fact or law exists from that previously presented to the Court and which could not have been previously learned through the exercise of reasonable diligence; or (2) the emergence of new material facts or a change in law occurring after issuance of the order for which reconsideration is sought; or (3) a manifest failure by the Court to consider material facts or dispositive legal arguments previously presented to the Court. Local Rule 7.9 (b)(1)(2)(3). Lufthansa has satisfied none of these requirements. Moreover, Local Rule 7.9(c) specifies that "[n]o motion for leave to file a motion for reconsideration may repeat any oral or written argument made by the applying party in support of or in opposition" to the order for which reconsideration is sought. "**Any party who violates this restriction shall be subject to appropriate sanctions.**" Emphasis added. Lufthansa has done so here.

Lufthansa also has violated the March 27, 2026 Status Conference Order. Put succinctly, the Court told Lufthansa that if it had anything to say about the FAC, say it in your Opposition to Plaintiffs' motion to file. However, Lufthansa now acts as if the Court were talking to itself. It was not. It was talking to Lufthansa's counsel.

### C. Lufthansa's Anti-Slapp Motion is Frivolous, Untimely and Interposed Solely for Delay and Obstruction

California Civil Procedure § 425.16 bars assertion of claims "arising from any act in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution." *Id.*, § 425(b)(1). However, Lufthansa as a foreign corporation not residing in the United States has no First Amendment rights. *Agency for International Development v. Alliance for Open Society International, Inc.*, 591 U.S. 430, 433-435 (2020); *Gonzalez v. United States Department of State*, ---- F.4th ----, 2026 WL 1174557 (9th Cir. April 30, 2026), *5-*6 (immigrant not lawfully residing in the United States had no First Amendment rights, despite living in the United States since he was fifteen, marrying a U.S. citizen and having three U.S. citizen children, citing, *inter alia*, *Agency for International Development*).

Further, a Section 425.16(f) special motion to strike "may be filed within 60 days of the service of the complaint or, in the court's discretion, at any later time upon terms it deems proper." A special motion to strike may be made within 60 days of an amended complaint being filed, but only as to new claims not included in the original complaint. *Newport Harbor Ventures, LLC v. Morris Cerullo World Evangelism*, 4 Cal.5h 637 (2018). The April 28, 2026 Order expressly states: "Plaintiffs' claims remain the same." Dkt. 66 at 6.

**D. Lufthansa's Belated Alternative Attack on Plaintiffs' Specific Claims for Relief Violate the March 27, 2026 Status Conference Order and Includes Deceptive, Misleading and False Statements**

The Court was explicit at the Status Conference that if Lufthansa wished to renew its prior motion to dismiss Plaintiffs' specific claims for relief, it should do so in opposition to Plaintiffs' motion for leave to file the FAC. Ms. Nowinski agreed. Nonetheless, here we are, with Lufthansa **not** renewing its motion to dismiss anywhere in opposition to Plaintiff's motion for leave to file their FAC – but instead **now** are trying to do so in contempt of the Court's March 27, 2026 Status Conference Order.

Additionally, Lufthansa's attacks on specific claims are riddled with deceptive, misleading and egregiously false statements and on their face reflect fact-intensive issues that Lufthansa certainly knows cannot be resolved on a motion to dismiss. As a representative example only, Lufthansa claims Plaintiffs do not allege a sufficiently public dissemination of private facts, but only speculation that the Saudi government was monitoring emails. Dkt. 70 at 19. That statement is false. As described in the April 28, 2026 Order, Plaintiffs allege in Paragraphs 24-28 of the First Amended Complaint that "Jamshed declar[ed], loudly enough so others around could hear," that Plaintiffs were married, that Jamshed "continued to publicly demean and question Plaintiffs about their relationship solely because they were gay," that "'[i]n English, and in the presence of other customers, employees and passersby, Jamshed 'loudly exclaimed, "So you two men are married?'" and that Jamshed and other Lufthansa employees and agents began talking in English about Plaintiffs and their relationship. Dkt. 66 at 2-3. The Order also referenced the statements in Doe's declaration accompanying Plaintiffs' Reply, to the effect that Lufthansa's check-in desks were in an otherwise public area. *Id.*, at 10. Lufthansa itself describes KKIA as a

"crowded airport," yet paradoxically insists that Jamshed's statement publicized Plaintiffs' status only to those "few people" who could hear it. Dkt. 70 at 19-20.

Lufthansa also egregiously states that Plaintiffs have affirmatively alleged they were required to disclose their marital status to Saudi Arabian customs authorities in order to board an international flight to the United States. *Ibid.* Plaintiffs nowhere allege that they disclosed their marital status to anybody in Saudi Arabia, other than Lufthansa. This is Lufthansa's fantasy.

Plaintiffs respectfully request that the Court strike Lufthansa's Motion to Dismiss for Lack of Subject Matter Jurisdiction, Etc., vacate the hearing date set for said motion, and order Lufthansa and its counsel to pay sanctions and/or issue an Order to Show Cause Why Lufthansa and Its Counsel Should Not Be Held in Contempt.

DATED: May 27, 2026

PUTTERMAN | YU | WANG LLP

By: ______________________________

DONALD J. PUTTERMAN
Attorneys for Plaintiffs
JOHN DOE and ROBERT DOE